Samuel S. JACKSON, Appellant,

v.

Roger McLEMORE, Correctional
Employee, Arkansas Department
of Correction, Appellee.

No. 75–1228.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 5, 1975.

Decided Sept. 24, 1975.

Samuel S. Jackson, pro se.

Jim Guy Tucker, Atty. Gen., and Robert A. Newcomb, Asst. Atty. Gen., Little Rock, Ark., filed typewritten brief for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

In this civil rights action for equitable and monetary relief brought pursuant to 42 U.S.C. § 1983, Samuel S. Jackson, an inmate at Cummins Unit, Arkansas Department of Correction, complains of his treatment while in confinement. The District Court[1] dismissed the complaint for failure to demonstrate a substantial

---

1. The Honorable J. Smith Henley, Chief Judge, United States District Court for the Eastern District of Arkansas, now a member of this Court.

federal constitutional question. We affirm.

On July 22, 1972, the respondent, Roger McLemore, an employee at the Cummins Unit, was acting as a substitute teacher in a class attended by Jackson under a compulsory education program. When Jackson refused to comply with an instruction to spell certain words, he was charged with disobeying a direct order and with disrespect to a corrections officer and was placed in segregated confinement pending disciplinary action. Two days later, the prison disciplinary committee found Jackson guilty of the offenses charged, and recommended 60 days punitive segregation, but this punishment was suspended.

In his complaint, Jackson asserted (1) that the disciplinary action arising from his refusal to comply with the instruction to spell violated his constitutional right to be let alone; (2) that the two days segregated confinement pending disciplinary proceedings denied him due process of law; and (3) that the evidence against him was trumped up and falsely given, and thus denied him due process of law. These contentions are without merit.

■ The issue of compulsory education in aid of rehabilitation was previously considered by Judge Henley in *Rutherford v. Hutto*, 377 F.Supp. 268 (E.D.Ark.1974). Judge Henley there held that:

[A] State has a sufficient interest in eliminating illiteracy among its convicts to justify it in requiring illiterate convicts, including adults, to attend classes designed to bring them up to at least the fourth grade educational level where their exposure to instruction does not affect them adversely in any significant way and where they are not punished simply because they cannot or will not learn.

*Id.* at 272. We agree. Our Court has spoken out in the past on the need for rehabilitative programs. *See Finney v. Arkansas Board of Correction*, 505 F.2d 194 (8th Cir. 1974). It would defeat the purpose of rehabilitation if access to such programs could be at the option of the prisoner. Federal courts will not audit such programs, which are well within the administrative prerogatives of the state institution, absent a clear showing that such programs are being purposefully used to infringe upon protected constitutional rights. No such showing has been made in this case. While a prisoner may not be punished simply because he failed to learn, either through inability or lack of motivation, he may be required to participate in the program, and this necessarily includes participation in class room exercises when called upon by the instructor. Refusal to participate is clearly distinguishable from a stated inability to perform, and such refusal in a penal institution may properly result in disciplinary action.

■ The two days spent in segregated confinement awaiting disciplinary action is within the three-day limitation which this Court approved in *Finney v. Arkansas Board of Correction, supra,* 505 F.2d at 207.[2]

■ Finally, the complaint challenges the motivation and the evidence supporting the charge before the prison disciplinary committee. The essential fact—the refusal to obey the order of the teacher to attempt to spell certain words—was asserted in the affidavit supporting the answer of the respondent and was not denied in the counter-affidavits filed by the plaintiff. In reviewing prison disciplinary actions, the test is "whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by the prison officials." *Willis v. Ciccone*, 506 F.2d

2. There is no direct representation in the complaint or the answer that the disciplinary hearing took place two days after the incident. However, the prison's record of the disciplinary action, respondent's exhibit A–4, indicates that punishment was assessed by the prison disciplinary committee on July 24, 1974. The hearing would have been on that date or earlier.

1011, 1018 (8th Cir. 1974). Since an adequate basis to support disciplinary action is reflected in the undisputed allegations contained in the pleadings, there was no requirement of a de novo review of the facts involved, and the District Court properly rejected plaintiff's claim on this ground.

Affirmed.