Milton BROOKINS, Jr., Plaintiff,

v.

**STATE OF MISSOURI BOARD OF PRO-
BATION & PAROLE, Dick D. Moore,
Chairman; Bill E. Duncan; Carolyn
Atkins, Defendants.**

No. 83–4312–CV–C–5.

United States District Court,
W.D. Missouri, C.D.

April 10, 1984.

Daniel P. Reardon, St. Louis, Mo., for plaintiff.

John Ashcroft, Missouri Atty. Gen., Jefferson City, Mo., for defendants.

ORDER

SCOTT O. WRIGHT, District Judge.

Plaintiff, a state prisoner, who is currently confined in the Missouri State Penitentiary at Jefferson City, Missouri, has provisionally filed a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343, seeking relief for certain claimed violations of his federally-protected rights by the Missouri Board of Probation and Parole.

Plaintiff's complaint is in three counts. In Count I plaintiff asserts that the defendants' refusal to allow him to inspect his parole file violates his right to due process. In Count II plaintiff asserts that the defendants' failure to adequately state the reasons for the denial of his parole violated his due process rights. In Count III plaintiff asserts that the defendants relied upon unsubstantiated allegations of past criminal activity and a constitutionally invalida-

ted conviction in denying his parole, thereby violating his right to due process. Plaintiff seeks the Court to enter judgment against the defendants and to grant him parole forthwith.

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983, which provides a remedy for violation of constitutionally protected rights. Section 1983 does not provide a remedy for every alleged wrong committed under color of law. The plaintiff must allege a deprivation of a right secured by the Constitution or laws of the United States before the alleged injury is actionable. An entitlement, right, or liberty interest that is protected by state or federal law must be alleged. *See Meachum v. Fano*, 427 U.S. 215, 223–24, 96 S.Ct. 2532, 2537–38, 49 L.Ed.2d 451 (1976); *Peck v. Hoff*, 660 F.2d 371, 373 (8th Cir. 1981). Thus, the initial inquiry is whether plaintiff has plead violation of a constitutional right which entitles him to procedural due process.

Plaintiff essentially alleges that the procedures employed by the Missouri Board of Probation and Parole violated his constitutional right to due process. Plaintiff has alleged no facts which indicate that he may have a liberty interest in parole consideration sufficient to invoke due process considerations. The mere possibility of parole release does not create a liberty interest which invokes due process considerations. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668 (1979). Nor does the Missouri parole statute, Mo.Rev.Stat. § 217.690 (Supp.1982), create an entitlement to parole. The Board may exercise its discretion to deny parole even where it determines that the criteria of the statute has been satisfied. On this basis, it has been held uniformly that the statutes of other states do not create an expectation of parole release sufficient to trigger due process procedural protections. *See, e.g., Slocum v. Georgia State Board of Pardons & Paroles*, 678 F.2d 940 (11th Cir.1982); *Williams v. Briscoe*, 641 F.2d 274 (5th Cir. 1981). Plaintiff has alleged no statute, regulation, practice or custom which cre-

ates a liberty interest in parole consideration. "Decisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decision-making must comply with standards that assure error-free determinations." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). Plaintiff has failed to state a claim for a constitutional violation.

Furthermore, the plaintiff is challenging the duration of his confinement, therefore, his sole federal remedy is a petition for a writ of habeas corpus. *Smallwood v. Missouri Board of Probation & Parole*, 587 F.2d 369 (8th Cir.1978); *Kelsey v. State of Minnesota*, 565 F.2d 503 (8th Cir.1977). Thus, this action may not be maintained under 42 U.S.C. § 1983. In accordance with the foregoing, it is hereby

ORDERED that defendants' motion to dismiss is granted. Each party shall bear its own costs.