656 F.Supp. 1157 (1987)
James Edward GILL, Plaintiff,
v.
MISSOURI STATE BOARD OF PROBATION AND PAROLE, Defendant.
No. 86-1415C(6).
United States District Court, E.D. Missouri, E.D.
March 30, 1987.
James Edward Gill, pro se.
Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

ORDER AND MEMORANDUM
GUNN, District Judge.
IT IS HEREBY ORDERED that James Edward Gill's petition for a writ of habeas corpus is denied on the merits.
Petitioner claims that he is entitled to immediate release from state custody because his sentence has expired. The record before the Court establishes the following:
On April 20, 1979 petitioner was sentenced in Missouri state court to six (6) years in the Missouri Department of Corrections upon his guilty plea of selling a controlled substance as defined in Chapter 195 of the Missouri Revised Statutes. At the time of the sentence Mo.Ann.Stat. § 195.221 (Vernon 1983 & Supp.1986) provided as follows:
Notwithstanding section 549.275, RSMo, if the board of probation and parole releases any person from a state penal institution who was convicted of selling, giving, or delivering a controlled substance as defined in [Chapter 195], the period of parole shall be for not less than the completion of the original sentence plus five years. If, however, he is found to have violated the conditions of his parole, he shall be recommitted to confinement by the division of corrections for the remainder of the term set by the original sentence from which he was paroled.
On or about May 21, 1981 after serving twenty-six (26) months of his six (6) year term in the penal institution, petitioner was released and placed on parole for the duration of his sentence plus five (5) years in accordance with the above statute. The statute was repealed effective August 13, 1984 which was during petitioner's five *1158 year parole extension period. Thereafter, in March of 1986, petitioner's parole was revoked for violation of terms and conditions of the parole, and petitioner was returned to the Department of Corrections for the remainder of the term set by the original sentence, i.e., for six (6) years less the twenty-six (26) months already served.
As the Court interprets the petition before it, petitioner raises several constitutional challenges to the legality of his present incarceration. He asserts that the statutory scheme of § 195.221 is unconstitutional in that it does not count the time spent on parole toward the running of the original sentence, and in that it discriminates against certain types of offenders. More specifically, he contends that because the statute was no longer in effect when his parole was revoked it could not be applied to reincarcerate him after his original six (6) years sentence had run on April 20, 1985.
The Court first concludes that petitioner has fairly presented his federal constitutional rights raised herein to the Missouri Court of Appeals in his "Petition for Writ of Habeas Corpus" filed in that court on April 8, 1986. That petition for state collateral relief was denied on April 10, 1986. In re Gill, No. 51435 (Mo.Ct.App. April 10, 1986).
The Court next concludes that petitioner's claims are without merit. The legislative decision to treat certain drug-related offenses more harshly than others by providing for a special parole term is a rational one and does not violate the equal protection principles of the fifth amendment. See, e.g., United States v. Richards, 737 F.2d 1307 (4th Cir.1984), cert. denied, 469 U.S. 1106, 105 S.Ct. 779, 83 L.Ed.2d 774 (1985). Furthermore it is not unconstitutional to require that a person whose extended parole term has been revoked serve the remainder of his or her original sentence without getting credit for time spent on parole. See 21 U.S.C.A. § 841(a), (c) (1981 & Supp.1986) for an analogous federal special parole term statute.
Finally, the Court concludes that the repealed § 195.221 was properly made applicable to petitioner's length and conditions of parole because it was in effect at the time of sentencing as well as at the time petitioner was released on parole. The repeal of criminal penalties is not presumed to be retroactive absent a specific provision to such effect. See 1 U.S.C.A. § 109 (1985); Sullivan v. Day, 372 F.Supp. 359 (D.C.Ky.1974) (repeal of statute under which prisoner convicted of narcotics-related offense was sentenced, and under which prisoner was not afforded opportunity for early parole, did not render prisoner eligible for such parole).
Accordingly, the petition for a writ of habeas corpus is denied.