**Kenneth Gene BOYD, Petitioner,**

v.

**Carl WHITE, Respondent.**

**No. 89–0043–CV–W–JWO.**

United States District Court,
W.D. Missouri, W.D.

Jan. 26, 1989.

Kenneth Gene Boyd, Jefferson City, Mo., pro se.

## ORDER

JOHN W. OLIVER, Senior District Judge.

Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from a five-year parole term imposed pursuant to repealed Section 195.221, Mo.Stat.Ann. Petitioner alleges generally that the five-year parole term was imposed after the repeal of Section 195.221 in violation of his "Constitutional Rights under the United States Constitution, Fourteenth and Fifth Amendments of due process of law and Equal protection."

The exhibits attached to petitioner's petition establish that petitioner filed a writ of habeas corpus in the Cole County Circuit Court. The Circuit Court denied his petition. The exhibits further establish that the Deputy Clerk of Cole County Circuit Court erroneously advised petitioner that "since your petition for habeas corpus has been denied by this Court, you can now file your petition in Federal Court." *See* Deputy Clerk's January 3, 1988 letter attached to federal habeas petition.

Under Missouri law, petitioner may still seek habeas relief in the appellate courts of Missouri. *See, e.g., Manning v. Swenson,* 360 F.Supp. 362 (W.D.Mo.1973). Moreover, it is well settled that the petitioner must exhaust his currently available state remedy before invoking this Court's habeas jurisdiction. *See, e.g., Preiser v. Rodriquez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

We therefore find and conclude petitioner's Section 2254 petition should be dismissed without prejudice for failure to ex-

haust available state court postconviction remedies.[1]

For the reasons stated, it is

ORDERED that petitioner's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 should be and the same is hereby dismissed without prejudice.

---

1. Although we do not reach the merits of petitioner's habeas petition, denial of petitioner's habeas petition would have been appropriate if petitioner's parole records establish that he was paroled prior to August 13, 1984, the effective date of the repeal of § 195.221. *See Gill v. Missouri Board of Probation and Parole,* 656 F.Supp. 1157, 1158 (E.D.Mo.1987) ("repealed § 195.221 was properly made applicable to petitioner's length and conditions of parole because it was in effect at the time of sentencing as well as at the time petitioner was released on parole").