543 So.2d 344 (1989)
Franklin R. HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1654.
District Court of Appeal of Florida, First District.
May 10, 1989.
*345 Franklin Henderson, pro se.
Robert A. Butterworth, Atty. Gen., Isabelle Tassi, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of a June 7, 1988 order entered in the circuit court for Leon County, Judge Gary presiding, by which his petition for writ of certiorari requesting habeas corpus relief was denied. He contends that 1) section 944.276, Florida Statutes, violates the equal protection provisions of the Fourteenth Amendment of the U.S. Constitution; 2) section 944.276, Florida Statutes, violates the ex post facto doctrine; and 3) section 917.012, Florida Statutes, violates the First, Fifth, and Fourteenth Amendments to the U.S. Constitution. We affirm.
Appellant was convicted July 12, 1984 of lewd assault on a child and sentenced to 15 years incarceration. Appellant on March 30, 1988 filed a petition for writ of certiorari in this court requesting habeas corpus relief, challenging the constitutionality of sections 944.276 and 917.012, Florida Statutes, and Florida Administrative Code Rule 33-19.001, enacted pursuant to section 917.012. Appellee filed a motion to transfer, and the case was transferred to the Second Judicial Circuit. The trial court issued an order to show cause, and appellee filed a response to the order. The trial court on June 7, 1988 entered an order denying the writ. Appellant filed a motion for rehearing, which the trial court denied on June 13, 1988.
Section 944.276, Florida Statutes, prevents certain classes of convicted offenders from obtaining early release until minimum mandatory or enhanced sentences are served. The early release of sex offenders and habitual offenders is affected. Section 944.276(1)(c) and (d). The Eleventh Circuit Court of Appeals has ruled on equal protection grounds that reasonable, though disparate, treatment of sex offenders is constitutional. Hendking v. Smith, 781 F.2d 850 (11th Cir.1986). We conclude that the classification of inmates in section 944.276 is reasonable and bears a just relation to the purpose of the legislation.
Section 944.276 is not violative of the ex post facto restrictions of Article I, section 9, clause 3, of the United States Constitution, being procedural in nature and not creating substantive rights. See Blankenship v. Dugger, 521 So.2d 1097 (Fla. 1988); Mayo v. Dugger, 535 So.2d 300 (Fla. 1st DCA 1988); Tims v. Folsom, 535 So.2d 301 (Fla. 1st DCA 1988); Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 *346 L.Ed.2d 344 (1977). Rule 33-19.001(3) provides:
An offender shall be considered amenable for treatment if he or she is an individual with a psycho sexual disorder who is motivated to participate in treatment for this disorder and has an intellectual capacity for logical reasoning and insight. The offender must be able to feel some remorse for his or her behavior and to eventually accept responsibility for his behavior and for changing it. The offender must not be psychotic or suffer from a brain injury, disease or other central nervous system condition that precludes effective treatment.
The rule does not violate appellant's right of access to the courts in requiring that he accept responsibility for his behavior. Under the rule, appellant may choose to participate in the program or to pursue an appeal of his conviction. The requirement under the rule that sex offenders admit responsibility for their behavior does not violate the Fifth Amendment right against self incrimination in that any admission of the commission of the offense occurs after the defendant's conviction, and Fifth Amendment protections apply prior to conviction. See Marcheti v. U.S., 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Zicarelli v. New Jersey State Commission of Investigation, 406 U.S. 472, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972). Cf., Chavis v. Dugger, 538 So.2d 120 (Fla. 1st DCA 1989). Even if the requirement of admission of guilt under the rule impinged on Fifth Amendment rights, the inmate is not compelled to incriminate himself because the inmate may choose not to participate in the program.
Affirmed.
ERVIN and BOOTH, JJ., concur.