722 F.Supp. 558 (1989)
Dale RUSSELL, Plaintiff,
v.
Christine EAVES, et al., Defendants.
No. N 89-0056 C.
United States District Court, E.D. Missouri, N.D.
September 28, 1989.
*559 Dale Russell, Moberly, Mo., pro se.

MEMORANDUM
GUNN, District Judge.
This case is presently before the Court for frivolity review pursuant to 28 U.S.C. § 1915 pursuant to the Court's order of August 4, 1989. For the reasons set forth below, the Court dismisses plaintiff's complaint as frivolous.
Plaintiff, a Missouri state prisoner currently confined at the Moberly Training Center for Men in Moberly, Missouri, brings this action pro se pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief. Plaintiff alleges that the administration of the Missouri Sexual Offender Program ("MOSOP") violates his constitutional rights in several ways. First, plaintiff alleges that the MOSOP requirement that participants "accept responsibility" for their crimes violates his fifth amendment right to be free from coerced self-incrimination. Second, plaintiff alleges that "[t]he procedures and consequences used in MOSOP are unconstitutional ... [because MOSOP administrators] can let plaintiff attend the first phase of said program and deny him to finish the second phase for several years...." Third, plaintiff appears to allege that MOSOP constitutes an ex post facto law. Fourth, plaintiff alleges that the parole board and MOSOP officials conspire to "keep plaintiff in prison and in that if plaintiff has no out-date the MOSOP don't have to give plaintiff the program until he receives an out-date." Finally, plaintiff alleges that the requirement that sex offenders successfully complete MOSOP in order to become eligible for parole constitutes an equal protection violation insofar as sex offenders are treated differently from other offenders. All of plaintiff's claims are legally frivolous.

Background
MOSOP is a rehabilitative program operated by prison employees, participation in which is required of sex offenders in order for them to become eligible for parole. The program consists of two phases. Phase I of the program involves a series of orientation sessions including lectures on the interrelationship between thoughts, feelings and behavior. Phase II consists of small group therapy discussions conducted by trained therapists.
The program lasts from nine to twelve months. During that time, the small group meets under the supervision of the therapist for a minimum of four hours a week. Because of the program's aim of teaching increased self-responsibility, and because of the dynamic of group interaction, the program's administrators require regular attendance. Participants must complete both phases of the program before being eligible for parole.

Legal Analysis
In order to present an actionable injury under § 1983, plaintiff "must allege a deprivation of a right secured by the Constitution...." Brookins v. State of Missouri Board of Probation & Parole, 586 F.Supp. 29, 30 (W.D.Mo.1984). Most of plaintiff's claims appear to rest upon the notion that the parole board's decision to deny plaintiff parole based upon his failure to complete the MOSOP program deprives plaintiff of a constitutionally protected right. Plaintiff has failed to establish such a right, however.
As a threshold matter, plaintiff does not have a protected liberty interest in parole. Missouri's parole statute does not create such an interest. Gale v. Moore, 763 F.2d 341, 343 (8th Cir.1985). Neither *560 do the parole board regulations create such an interest. Parker v. Corrothers, 750 F.2d 653 (8th Cir.1984). The regulations must contain particularized substantive standards which significantly guide the exercise of discretion; and the regulatory language must be mandatory. Id. at 661. The Missouri Rules and Regulations Governing the Granting of Paroles, Conditional Releases and Related Procedures open with a clearly permissive statement: "The setting of a presumptive release date does not automatically entitle an inmate to be released on that date." Therefore, the mandatory language required by Parker is missing from the Missouri regulations and no liberty interest is created.
Moreover, "[f]ederal courts will not audit ... [rehabilitative] programs, which are well within the administrative prerogatives of the state institution, absent a clear showing that such programs are being purposefully used to infringe upon protected constitutional rights." Jackson v. McLemore, 523 F.2d 838, 839 (8th Cir.1975). Because plaintiff cannot show a protected constitutional right in parole, the Court will not audit the program.
In his claims of equal protection violations plaintiff does not sufficiently allege in what respects sex offenders and other offenders are similarly situated. The equal protection clause requires only that a state's laws treat similarly those similarly situated. See, e.g., New York City Transit Authority v. Beazer, 440 U.S. 568, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979); Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520 (1976). Treating prisoners differently based upon the nature of their crimes does not violate the equal protection clause. See, Mahfouz v. Lockhart, 826 F.2d 791, 794 (8th Cir.1987); Gale v. Moore, 763 F.2d at 343. Plaintiff has not alleged that "sex offenders" are treated differently from other offenders as a result of a suspect classification. Thus, there being rational reasons for the prison's different treatment of this category of offender, no equal protection violation occurred. New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976); Johnson v. Barry, 815 F.2d 1119, 1121 (7th Cir.1987); see also Gill v. Missouri Bd. of Probation & Parole, 656 F.Supp. 1157, 1158 (E.D.Mo.1987).
Plaintiff's claim that MOSOP somehow operates as an ex post facto law is similarly without merit. "An ex post facto law is one which reaches back in time to punish acts which occurred before enactment of the law." Peeler v. Heckler, 781 F.2d 649, 651 (8th Cir.1986). Furthermore, "[a] penal statute may also be an ex post facto enactment if it adds a new punishment to the one that was in effect when the crime was committed." Id. MOSOP is not penal in nature; its purpose is rehabilitative. It adds no further sentence to that which has already been imposed upon the sex offender. Plaintiff appears to confuse his potential parole date with the completion of his sentence. Failure to complete MOSOP can only push back potential parole  an early release. It cannot extend plaintiff's actual sentence. Therefore, plaintiff's ex post facto allegations are frivolous.
Finally, plaintiff's fifth amendment allegations are legally frivolous. The Supreme Court rejected a similar allegation in Allen v. Illinois, 478 U.S. 364, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986). The fifth amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Court has also held that the fifth amendment protects against compelled testimony in any proceeding "where the answers might incriminate [the witness] in future criminal proceedings." Allen, 478 U.S. at 368, 106 S.Ct. at 2991. Plaintiff's situation does not jeopardize any of the above guarantees. First, MOSOP is not a criminal proceeding, but a clinical rehabilitative program. Second, plaintiff's "testimony" is not compelled. He can refuse to participate in MOSOP. Finally, plaintiff has already been convicted of the crime for which MOSOP requires he accept responsibility. While it is true that any future prosecution for that same crime could potentially violate the fifth amendment's double jeopardy clause, Flittie v. *561 Solem, 775 F.2d 933 (8th Cir.1985), cert. denied, 475 U.S. 1025, 106 S.Ct. 1223, 89 L.Ed.2d 333 (1986), such a scenario is purely speculative at this point and, so, not properly before this Court.
For all of the foregoing reasons, the Court dismisses plaintiff's complaint as legally frivolous under 28 U.S.C. § 1915 in the accompanying order.

ORDER
In accordance with the Court's memorandum filed herewith,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that plaintiff's complaint be and it is dismissed as legally frivolous in accordance with the provisions of 28 U.S.C. § 1915 and the standards enunciated in Neitzke v. Williams, ___ U.S. ___, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).