Sean E. THOMPSON, Appellant,

v.

Bill ARMONTROUT, Investigator Coonce, Investigator Arthur W. Dearixon, Henry Jackson, Kenneth McDaniels, D. Newby, and John Sydow, Appellees.

No. 90–1717.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1991.

Decided April 10, 1991.

Publication Ordered May 7, 1991.

* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

James Maloney, Kansas City, Mo., for appellant.

Karen King, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before McMILLIAN and MAGILL, Circuit Judges, and WOODS,* District Judge.

PER CURIAM.

On March 22, 1987, Antonio Johnson, an inmate in the Department of Correction at Jefferson County, Missouri, was assaulted behind the prison chapel. A disciplinary hearing was held on March 25, 1987. The appellant was found guilty and was assigned to solitary confinement for a period of ten days. Appellant filed an application to proceed *in forma pauperis* in a challenge to his punishment. The motion was referred to a magistrate[1], who issued an order for defendants to show cause why the application should not be granted. The appellees responded by attaching a copy of the disciplinary report on which the guilty finding was based. This report contained a notation that the guilty finding was "based on Capt. Blank's statement that he was in the area at the time." (App. 41).

The magistrate found the response inadequate and granted the application to proceed *in forma pauperis*. Appellant then filed his complaint against Warden Bill Armontrout, Henry Jackson, Superintendent of the Special Management facility, Investigator Coonce, Investigator Arthur W. Dearixon, and adjustment board members Kenneth McDaniel, John Sydow, and D. Newby. Damages were sought against each defendant in the amount of $2,000 and, in addition, the sum of $6,000 was requested from the group. The Attorney General of Missouri answered for the defendants, and the case was set for trial. A pre-trial conference was held on February 15, 1990, at

1. The Honorable William A. Knox, United States Magistrate, Western District of Missouri.

which time the district judge [2] stated that he would entertain a motion to reconsider the *in forma pauperis* application. The plaintiff was given twelve days to respond to such motion.

On March 5, 1990, the Attorney General filed a motion to reconsider and attached thereto the affidavit of Captain Gary Blanks (App. 104) and the investigative report of Arthur W. Dearixon (App. 102). The appellant responded to the motion on March 12, 1990. On March 26, 1990, the district judge granted the motion to reconsider leave to proceed *in forma pauperis,* and the case was dismissed as frivolous, pursuant to 28 U.S.C. § 1915(d). We affirm.

This court has held that in reviewing prison disciplinary actions the test is whether there is any evidence at all to support the action taken by prison officials. *Jackson v. McLemore,* 523 F.2d 838, 839 (1975); *Willis v. Ciccone,* 506 F.2d 1011, 1018 (1974). There was the following evidence to support the action of the adjustment board: (1) testimony placed appellant at the assault locale; (2) shortly after the assault occurred plaintiff was observed to have bruises on his face; (3) appellant refused a polygraph test; and (4) a reliable confidential informant advised that appellant was the assailant.

The Supreme Court has recently enunciated a standard for Section 1915(d) dismissals. In order to find a complaint frivolous, the court must find that it "lacks an arguable basis in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). We cannot say that the district court erred in reconsidering the order granting leave to proceed *in forma pauperis* and dismissing this complaint.

Affirmed.

---

**2.** The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.