**Dewayne CLIFTON, Plaintiff,**

v.

**John ASHCROFT, et al., Defendants.**

**David C. FINLEY, Plaintiff,**

v.

**John ASHCROFT, et al., Defendants.**

**Nos. 91–0254C(6), 91–0322C(6).**

United States District Court,
E.D. Missouri, E.D.

Jan. 10, 1992.

Dewayne Clifton, pro se.

David Finley, pro se.

R. Henry Branom, Jr., Sandberg, Phoenix & Von Gontard, St. Louis, Mo., for defendants except Finders.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on defendants' motion to dismiss. Plaintiffs Dewayne Clifton and David C. Finley, prisoners proceeding pro se, assert that completion of the Missouri Sexual Offender Program as a prerequisite to parole violates the *ex post facto* clause of the constitution.[1]

Plaintiffs are sexual offenders, one convicted in 1983 and the other in 1989. From 1980 to 1990, the Missouri law instructing the department of corrections to develop a sexual offenders program stated that "[a]ll [sexual offenders] ... shall be required to participate in the programs." *See* Mo.Ann. Stat. § 589.040, Historical and Statutory Notes (Vernon Supp.1992). The statute was revised in 1990 to substitute the phrase "successfully complete the programs" for "participate in the programs." *Id.* Plaintiffs primarily argue that this re-

vision and its application to parole decisions for individuals convicted and sentenced under the pre–1990 version of that statute violates the *ex post facto* clause of the Constitution. Plaintiff Dewayne Clifton also asserts an *ex post facto* violation in that parole statute § 549.261, now repealed, rather than § 217.690, applies to him.

An *ex post facto* law must both apply to events occurring before its enactment and disadvantage the offender affected by it. *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Although the 1990 revision to § 589.040 applies to plaintiffs who were convicted and sentenced under another version of the statute, the modification does not satisfy the second element of an *ex post facto* law—disadvantage to the affected party. Plaintiffs imply that the revision in 1990, changing the language from requiring participation to requiring completion, altered their conditions of parole. The change in language, however, only clarified the statute without changing the conditions of parole. Plaintiffs supplied the Court a copy of the Missouri Department of Corrections and Human Resources' Departmental Manual, revision date December 1, 1988, which states that to be eligible for parole sexual offenders "shall participate in and complete the prescribed treatment program." Dep't Manual, Proc. No. D5–8.7, III(C)(4). Plaintiffs also provided the Court a handout entitled *Missouri Sexual Offender Program, For Your Information*, by Randee Kaiser, Director, revised September 1988, which states that "[t]he policy of the Parole Board is to require the completion of MOSOP for release on parole." *For Your Information*, p. 2. Furthermore, this Court's decision in *Russell v. Eaves*, 722 F.Supp. 558, 559–60 (E.D.Mo.1989), similarly interpreted the requirement of participation as a requirement of completion. Thus, even when the statute stated that sexual offenders must "participate" in MOSOP, it was construed and applied as requiring *completion* of MOSOP.

---

1. On May 6, 1991, the Court dismissed plaintiffs' original section 1983 complaint but allowed them to file an amended complaint incorporating their *ex post facto* allegation. This memo-

randum addresses only the alleged *ex post facto* violations because the Court's order of May 6, 1991 resolved all other issues.

Although the language has changed, the force and effect of the statute is the same. Accordingly, this change in the law has not disadvantaged plaintiffs and the law as applied to plaintiffs does not violate the *ex post facto* clause of the Constitution.

Plaintiff Clifton also claims that parole statute § 549.261, now repealed, rather than § 217.690, applies to him. Clifton was convicted in 1983. Section 549.261 was repealed in 1982, so § 549.261 has never applied to Clifton. Rather, § 217.690 became effective in 1982, replacing § 549.261, and applies to Clifton. No retroactive application, the first element of an *ex post facto* law, has occurred. Furthermore, the revisions to § 217.690 since plaintiffs' sentencings have no relation to Missouri's MOSOP requirement.

Accordingly, the Court will grant defendants' motion to dismiss.

### ORDER

Pursuant to the memorandum filed on this date herein,

IT IS HEREBY ORDERED that defendants' motion to dismiss first amended complaint is granted.

IT IS FURTHER ORDERED that defendants' motion to strike is denied as moot.

IT IS FURTHER ORDERED that plaintiffs' emergency injunction request is denied as moot.

IT IS FURTHER ORDERED that defendants' motion to dismiss as a Rule 11 sanction is denied as moot.

IT IS FURTHER ORDERED that plaintiffs' motion for supplemental pleading and request for injunction/restraining order is denied as moot.

IT IS FURTHER ORDERED that plaintiffs' motion for medical and mental examination is denied as moot.

IT IS FURTHER ORDERED that plaintiff David Finley's motion for injunctive hearing order is denied as moot.