996 F.2d 1221
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Dewayne CLIFTON, Appellant,
v.
John ASHCROFT; William Webster; Dick Moore; George
Lombardi; Randie Kaiser; Jeanie SchneiderThies;
Beth Finders; Myrna Trickey; Cranston
Mitchell, Appellees.
David C. Finley, Appellant,
v.
William Webster, individually and in his official capacity
as Attorney General of the State of Missouri; John
Ashcroft, individually and in his official capacity as
Governor of the State of Missouri; Dick Moore, individually
and in his official capacity as Director of the Missouri
Department of Corrections and Human Resources; George A.
Lombardi; John Does, unknown employees, agents,
administrators and facilitators of the State of Missouri who
create, administer and enforce programs and policies and
complained of hereafter, Appellees.
Everett E. Kennison, Appellant,
v.
Dick D. Moore; George Lombardi; Dale Riley; Myrna Trickey;
Randie Kaiser; Cranston Mitchell; Jeanie Schneider- Thies;
Christine Eaves; Tony Gammon; William Buck; Jennifer
Sachse; Paul Caspari; Ted Firteg, Appellees.
 Nos. 92-2030, 92-2501.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 15, 1993.
Filed: June 29, 1993.
 
 Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Dewayne Clifton, David Finley and Everett Kennison, inmates in the Missouri state system, appeal from the district court's grant of a motion to dismiss their complaint challenging the Missouri Sexual Offenders Program (MOSOP). The inmates contend the 1990 MOSOP statute, as applied to them, constitutes an impermissible ex post facto law. We reverse the district court and remand for further proceedings.
 
 I.
 
 2
 In 1980, the Missouri legislature promulgated a statute establishing MOSOP, with the stated intent of rehabilitating convicted sexual offenders. The statute specifies: "The ultimate goal shall be the prevention of future sexual assaults by the participants in such programs...." Mo. Rev. Stat. § 589.040.1 (1986). The first phase of MOSOP includes a private interview and nine introductory classes providing an overview of behavior and treatment. Missouri Sexual Offender Program, For Your Information, Appellant's App. 26. The second phase involves roughly twelve months of group therapy.[1] Id.
 
 
 3
 The 1980 statute stated that all convicted sexual offenders must participate in MOSOP:
 
 
 4
 All persons imprisoned by the department of corrections and human resources for sexual assault offenses shall be required to participate in the programs developed pursuant to subsection 1 of this section.
 
 
 5
 Mo. Rev. Stat. § 589.040.2 (1986). In 1984, the Department of Corrections promulgated a regulation requiring completion of the program for parole eligibility:
 
 
 6
 Inmates convicted of sex offenses shall participate in and complete the prescribed treatment program developed by the Department of Corrections and Human Resources prior to being eligible for parole (589.040 RSMo).
 
 
 7
 14 C.S.R. 80-2.020(4)(d), Appellant's App. 30. In 1990, the state legislature amended the MOSOP statute to require inmates to complete MOSOP in order to be considered for parole. Mo. Rev. Stat. § 589.040.2 (Supp. 1992).
 
 
 8
 Clifton, Finley and Kennison were convicted of rape and/or sodomy before 1990. All three were incarcerated in the Missouri state system. They participated in MOSOP, but failed to complete the program. Because of their failure to complete MOSOP, they were denied credit release dates.
 
 
 9
 On February 8, 1991, Clifton filed a complaint under 42 U.S.C. § 1983 against various state and prison officials [state officials], alleging the MOSOP completion requirement violated constitutional provisions against ex post facto laws and seeking equitable and monetary relief.[2] A week later, Finley filed a similar complaint. The state officials in each case filed motions to dismiss.
 
 
 10
 On May 6, 1991, the district court consolidated the two cases and granted the motions to dismiss, giving the inmates leave to file an amended complaint including the ex post facto allegations. Clifton and Finley filed the amended complaint, and the district court granted a motion to dismiss for failure to state a claim on January 10, 1992.
 
 
 11
 In April of 1991, Kennison filed a similar complaint and at the district court's request filed an amended complaint on June 5, 1991. On January 13, 1992, the district court granted a motion to dismiss for failure to state a claim.
 
 
 12
 The inmates in both actions appealed.[3] The district court granted the state officials' motion to consolidate the appeals.
 
 II.
 
 13
 Clifton, Finley and Kennison contend the district court erred in granting the motion to dismiss. They maintain their complaint stated a cause of action because the application of the 1990 MOSOP statute to them in denying them parole violated provisions against ex post facto laws.
 
 
 14
 A dismissal is proper if, taking the factual allegations in the complaint as true, no relief could be granted to the complainants. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Further, this court will not review state rehabilitative programs "absent a clear showing that such programs are being purposefully used to infringe upon protected constitutional rights." Jackson v. McLemore, 523 F.2d 838, 839 (8th Cir. 1975). An action under 42 U.S.C. § 1983 can provide a remedy only for violations of constitutionally protected rights. Brookins v. State of Missouri Board of Probation & Parole, 586 F. Supp. 29, 30 (W.D. Mo. 1984).
 
 
 15
 Clifton, Finley and Kennison contend the state officials violated their constitutionally protected rights by denying credit release dates on the basis of an ex post facto law, in violation of Article I, § 10 of the United States Constitution. An ex post facto law has two elements: it is retrospective and it disadvantages the offender. Weaver v. Graham, 450 U.S. 24, 29 (1981). For ex post facto purposes, we must look at the punishment applicable at the time of the offenses. Dobbert v. Florida, 432 U.S. 282, 292 (1977).
 
 
 16
 The three inmates committed their crimes prior to 1990. The Sexual Offender Program Initial Information required to be read and signed by all participants states:
 
 
 17
 The successful completion of MOSOP Phase I and Phase II is mandatory as it relates to release on parole for inmates imprisoned for sexual assault offenses who committed their offenses after August 13, 1980 (589.040 RSMo).
 
 
 18
 Clerk's Record 84, 104. In denying Finley parole, the Board of Probation and Parole stated "you have not successfully completed MOSOP as required by law." Appellant's App. 33. As applied to inmates who committed crimes prior to 1990, the revised statute is clearly a retrospective law, thus satisfying the first element of an ex post facto analysis.
 
 
 19
 Clifton, Finley and Kennison argue they were disadvantaged, as required by the second element of ex post facto analysis, when they were denied credit release dates because they failed to complete MOSOP, whereas under the law applicable to them, they were merely required to participate in MOSOP.
 
 
 20
 Under the Missouri parole statute, parole is not a protected constitutional right and inmates have no protected liberty interest in parole. Gale v. Moore, 763 F.2d 341, 343 (8th Cir. 1985). Nevertheless, to be disadvantaged, an inmate need not suffer the violation of a vested, enforceable right. Burnside v. White, 760 F.2d 217, 220 (8th Cir.), cert. denied, 474 U.S. 1022 (1985). Determination of eligibility for parole relates to an inmate's punishment, Maggard v. Moore, 613 F. Supp. 150, 152 (W.D. Mo. 1985), and a statute is ex post facto if it adds new punishment to that in effect at the time of the crime. Peeler v. Heckler, 781 F.2d 649, 651 (8th Cir. 1986). The inmates' claim that revoking their eligibility for parole constituted a punishment and disadvantaged them retrospectively under the 1990 statute raises a possibility of relief that should be addressed by the district court court.
 
 
 21
 We recognize that apparently two of the inmates committed their crimes after the enactment of the 1984 regulation requiring completion of MOSOP for parole eligibility.[4] The state officials contend that under the terms of the regulation, these two already were required to complete MOSOP and were not disadvantaged by the 1990 statute. The inmates argue the 1984 Department of Corrections regulation requiring completion conflicts with the 1980 statute and was invalid and wrongfully applied. While we presume the validity of an administrative regulation, a regulation that conflicts with a statute is invalid. Burnside, 760 F.2d at 221. Whether a conflict exists, however, between the statute and the regulation is a matter to be addressed on remand.
 
 
 22
 Because we find that under these facts it would have been possible to grant relief to one or more of the inmates, we reverse the grant of the motion to dismiss and remand for further proceedings consistent with this opinion.[5]
 
 
 
 [1]
 The program is designed to include a third, voluntary phase with classes in specialized areas. Missouri Sexual Offender Program, For Your Information, Appellant's App. 26. The phase was not operative at the time of this action
 
 
 [2]
 Although monetary relief is permissible in a state prisoner § 1983 case, Preiser v. Rodriguez, 411 U.S. 475, 494 (1973), equitable relief involving the fact or length of custody is not. Id. at 500. To challenge "the very fact or duration of his physical imprisonment" in federal court, an inmate must exhaust state remedies and petition for a writ of habeas corpus under 28 U.S.C. § 2254. Id
 
 
 [3]
 Clifton and Finley's notice of appeal had their typed names in the form of a signature block, but neither inmate signed the document. Because the notice of appeal of pro se appellants should be construed liberally and the state officials had specific notice of the identity of the inmates, the typed notice is sufficient in this case to confer jurisdiction on appeal. See Thiem v. Hertz Corp., 732 F.2d 1559, 1562 (11th Cir. 1984)
 
 
 [4]
 We note unresolved discrepancies in the briefs and the district court opinion regarding the years the various inmates committed the crimes and were sentenced. These facts should be clarified upon remand
 
 
 [5]
 We remand on the ex post facto issue. The other issues raised on appeal are without merit