Robb Allen **TAYLOR,** petitioner,
Appellant,

v.

Andrew **LIEFFORT,** Caseworker,
et al., Respondents.

No. C1–97–338.

Court of Appeals of Minnesota.

Aug. 26, 1997.

Robb Allen Taylor, Stillwater, pro se.

Hubert H. Humphrey, III, Attorney General, Sara DeSanto, Assistant Attorney General, St. Paul, for Respondents.

Considered and decided by NORTON, P.J., and SCHUMACHER and WILLIS, JJ.

## OPINION

WILLIS, Judge.

Appellant Robb Taylor challenges the district court's denial of his petition for a writ of habeas corpus, arguing that the district court erred (1) in concluding that his right against self-incrimination had not been violated and (2) in finding that Taylor refused to participate in a sex-offender treatment program. We affirm.

## FACTS

Taylor was convicted of fourth-degree criminal sexual conduct and was sentenced to serve 30 months in prison. Pursuant to prison policy, Taylor received a psychological evaluation and was directed to complete a sex-offender treatment program. Because Taylor maintains his innocence regarding the offense of which he was convicted, and the program requires an acknowledgment of guilt, Taylor did not enter the program. Taylor was charged with a disciplinary violation for refusing to enter the program, which Taylor says resulted in a 60–day extension of his term of imprisonment.[1] *See* Minn.Stat. § 244.05, subd. 1b(b) (1996) (providing that violation of disciplinary rules, including refusal to participate in treatment program, may result in imposition of disciplinary confinement period, delaying supervised release date). Taylor filed a petition for a writ of habeas corpus, which was denied by the district court. Taylor appeals the denial of his petition. The state moves to strike the appendix to Taylor's brief.

## ISSUES

1. Did the district court err in denying Taylor's petition for a writ of habeas corpus?

2. Should the state's motion to strike the appendix to Taylor's brief be granted?

## ANALYSIS

**1. Denial of Petition.**

Taylor argues that his Fifth Amendment privilege against self-incrimination was violated by the requirement that he enter a sex-

---

1. Nothing in the record confirms or denies Taylor's statement that he was subjected to disciplin-    ary sanctions that extended his supervised release date by 60 days.

offender treatment program that obliged him to acknowledge his guilt.

▮▮▮ The findings of a district court in considering a petition for a writ of habeas corpus will be sustained if they are reasonably supported by the evidence. *Edstrom v. State,* 378 N.W.2d 90, 93 (Minn.App.1985), *aff'd,* 386 N.W.2d 708 (Minn.1986). The Fifth Amendment to the United States Constitution provides that no person may be "compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. In addition to allowing refusal to testify at one's criminal trial, the prohibition permits refusal to answer any official questions if the answers might be incriminating in a future criminal proceeding. *Lefkowitz v. Turley,* 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973). Here, Taylor has exhausted the appeals of his conviction, and there appears to be no chance of another criminal proceeding in which Taylor's admission of guilt would incriminate him. *See In re Braun,* 502 N.W.2d 219, 221 (Minn.App.1993) (stating that chance of prosecution, at least, must be shown in order to justify assertion of right against self-incrimination).

Taylor cites *Gilfillen v. State,* 582 N.E.2d 821 (Ind.1991), and *State v. Imlay,* 249 Mont. 82, 813 P.2d 979 (1991), which hold that an offender's probation cannot be revoked for refusing to admit guilt. Those cases are distinguishable because here the issue is whether extension of Taylor's release date because of his refusal to admit guilt is a violation of his right against self-incrimination. A probation revocation is a more significant deprivation of liberty than is an alteration of a discretionary release date. *See Russell v. Eaves,* 722 F.Supp. 558, 559–60 (E.D.Mo.1989) (concluding that because presumptive release date does not entitle inmate to be released on that date, inmate has no protected liberty interest in being released before end of sentence), *appeal dismissed,* 902 F.2d 1574 (8th Cir.1990). Taylor also cites *Mace v. Amestoy,* 765 F.Supp. 847 (D.Vt.1991), in which the court found that a probationer could not be forced to admit to an offense in order to retain his probationary status. *Id.* at 852. In that case, however, the probationer was required to admit to

conduct in addition to that of which he was convicted. *Id.* at 851. This case is distinguishable from *Mace* because Taylor is not facing probation revocation; moreover, he is not being asked to admit to conduct beyond that of which he was convicted.

In *Henderson v. State,* 543 So.2d 344 (Fla. Dist.Ct.App.1989), *review denied* (Fla. Sept. 18, 1989), the court concluded that a requirement that sex offenders admit guilt as a part of treatment in order to obtain early release did not violate Fifth Amendment rights because the required admission occurs after conviction and because an offender can choose not to participate in the program. *Id.* at 346. The court in *Russell* held that a prisoner who was required to admit guilt as part of a treatment program necessary for parole eligibility was not deprived of his right against self-incrimination because (1) the requirement was part of a rehabilitative program, not a criminal proceeding; (2) the prisoner could refuse to participate in the program; and (3) the prisoner had already been convicted of the crime for which the program required him to accept responsibility. 722 F.Supp. at 560. Here, the requirement was part of a rehabilitative program, Taylor could refuse to participate in the program, and he had been convicted of the crime for which he was being asked to accept responsibility.

Taylor further argues that he did not refuse to participate in the program, but merely refused to admit guilt and was cooperative and willing to participate as long as he was not forced to admit guilt without a grant of immunity. Although admission of guilt is a requirement for entry to the program, the requirement is not absolute. But an inmate must in any event demonstrate to staff an amenability to treatment. Staff concluded that Taylor was not amenable to treatment both because he denied his offense and because he was unwilling to participate in the program. Further, Taylor acknowledged in his habeas petition that he refused to participate in the program.

**2. Motion to Strike.**

▮▮▮ The state moves to strike the appendix to Taylor's brief, arguing that it is not

part of the record on appeal. Matters outside the record may not be considered by an appellate court and must be stricken. *Mitterhauser v. Mitterhauser*, 399 N.W.2d 664; 667 (Minn.App.1987). Because Taylor's appendix consists of a letter not filed in the district court, the state's motion is granted.

## DECISION

The district court's findings are reasonably supported by the evidence, and it did not err in denying Taylor's petition for a writ of habeas corpus. The state's motion to strike the appendix to Taylor's brief is granted.

**Affirmed and motion granted.**