**David NORTHWEST, f/k/a David Lardy, petitioner, Appellant,**

v.

**Gothriel LaFLEUR, Commissioner of Corrections, Respondent.**

No. C4–98–361.

Court of Appeals of Minnesota.

Sept. 8, 1998.

Bradford Colbert, Legal Assistance to Minnesota Prisoners, St. Paul, for appellant.

Hubert H. Humphrey III, Attorney General, Sara DeSanto, Assistant Attorney General, St. Paul, for respondent.

Considered and decided by CRIPPEN, P.J., AMUNDSON, J., and SCHULTZ, J.*

## OPINION

CRIPPEN, Judge.

In this appeal from the trial court's denial of his habeas corpus petition, appellant David Northwest disputes a disciplinary confinement determination based on his failure to successfully complete sex offender treatment. Contending that the discipline violates his substantive due process rights, appellant argues that it was improper to force his admission of two offenses after he was permitted in court to enter *Alford* pleas, whereby appellant accepted convictions on two crimes without admitting that they occurred. We affirm the trial court's conclusion that there need be no judicial scrutiny of the discipline because appellant has failed to identify a protected liberty interest affected by the commissioner's disciplinary decision.

## FACTS

Appellant entered guilty pleas to three counts of criminal sexual conduct, admitting the first-degree count and making an *Alford* plea without an admission on the two second-degree counts. He received concurrent sentences of 81 months for the first-degree offense, and 30 and 34 months for the second-degree offenses.

During his incarceration at Minnesota Correctional Facility–Stillwater, appellant's program review team required him to complete sex offender treatment. Throughout the assessment phase of treatment, appellant continued to deny responsibility for the behavior constituting the two counts of second-degree

---

* Retired judge of the District Court, serving as judge of the Minnesota Court of Appeals by ap-   pointment pursuant to Minn. Const. art. VI, § 10.

criminal sexual conduct. Appellant claimed that his conduct was "accidental."

In late August 1996, four months after appellant had begun treatment, program staff deemed appellant unamenable to treatment and terminated him from the treatment program. The reasons cited for appellant's termination included: (1) his refusal to accept responsibility for the two second-degree sex offenses, (2) his failure to complete assignments in a timely manner, even after assistance was offered, (3) his frequent complaints about participating in the group process, and (4) his low motivation for treatment.

As a result of his failure to complete the treatment program successfully, appellant received 60 days of disciplinary confinement time added (DCTA). The added days did not increase appellant's sentence but only served to delay his supervised release date. Appellant waived his right to a hearing on the disciplinary violation.

A year later, appellant initiated the proceedings now on appeal.

### ISSUE

Did the commissioner wrongfully deprive appellant of a fundamental liberty right?

### ANALYSIS

■ We are to give great weight to the trial court's findings in considering a petition for a writ of habeas corpus and will uphold the findings if they are reasonably supported by the evidence. *State ex rel. Holecek v. Ross*, 472 N.W.2d 185, 186 (Minn.App.1991); *Edstrom v. State*, 378 N.W.2d 90, 93 (Minn. App.1985), *aff'd*, 386 N.W.2d 708 (Minn.1986). We review questions of law de novo. *State ex rel. McMaster v. Benson*, 495 N.W.2d 613, 614 (Minn.App.1993), *review denied* (Minn. Mar. 11, 1993).

■ Both the federal and state constitutions provide substantive due process protections against wrongful and arbitrary state action. U.S. Const. amends. V, XIV; Minn. Const. art. I, § 7. Where a fundamental right is at stake, the state must show that its action serves a compelling government interest. *In re Blodgett*, 510 N.W.2d 910, 914

(Minn.1994). In cases where a fundamental right is not implicated, judicial scrutiny of state action is not exacting. *State v. Behl*, 564 N.W.2d 560, 567 (Minn.1997). For a protected interest that is not fundamental, we review the state's action to determine whether it is arbitrary or capricious and whether it is rationally related to a legitimate government interest. *Id.; Arcadia Dev. Corp. v. City of Bloomington*, 552 N.W.2d 281, 288 (Minn.App.1996), *review denied* (Minn. Oct. 29, 1996). Appellant has failed to identify a protected liberty interest that requires any judicial scrutiny of the commissioner's action.

■ Appellant claims that the state's action violated his fundamental right to be released on his supervised release date. But appellant merely lost early release privileges and did not receive an extended sentence. This court has previously determined that delay of an early release date does not constitute impairment of a protected liberty interest. *Taylor v. Lieffort*, 568 N.W.2d 456, 458 (Minn.App.1997).

■ Appellant also asserts that he has a fundamental right to deny his offense as a result of his entry of an *Alford* plea. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). But appellant's plea did not involve a bargain for a reduced sentence or for release rights. Moreover, under *Alford* appellant did not bargain for a right of silence in any context but of his plea; *Alford* determined the validity of a plea and did not establish a right to silence. 400 U.S. at 37–38, 91 S.Ct. at 167–68 (holding that an express admission of guilt is not a constitutional prerequisite to the entry of a guilty plea). Thus, the *Alford* pleas do not afford appellant a protected liberty interest in denying conduct for which he has been lawfully convicted.

■ We note that even if appellant had some interest in silence, that interest is defeated by this court's previous determination that the right to silence was not diminished by treatment demands because the prisoner could refuse to make an admission. *Taylor*, 568 N.W.2d at 458. Also, the record in this case does not show that appellant's denial

was a substantial factor precipitating the imposition of discipline. Rather, the record demonstrates that the penalty related to his general hostility to treatment.

## DECISION

Appellant having shown no deprivation of a liberty interest, his constitutional challenge to the commissioner's disciplinary action has no merit.

**Affirmed.**