**UNITED STATES of America,
Appellee,**

v.

**Dale Ray HALEY, Appellant.**

**No. 72–1766.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1973.

Decided May 11, 1973.

Samuel Boyer, Jr., Omaha, Neb., for appellant.

Thorwald Anderson, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before LAY and STEPHENSON, Circuit Judges, and TALBOT SMITH, District Judge.*

STEPHENSON, Circuit Judge.

This appeal presents the question of whether a statutory miscitation in the indictment mandates a sentence within the limits of the miscited statute.

Defendant, Dale Ray Haley, was convicted along with others with conspiring to violate the narcotic laws, Title 26 U.S.C. § 4705(a). A 20-year sentence was imposed. His conviction was previously affirmed by this Court. United States v. Haley, 452 F.2d 391 (CA8 1971), cert. denied, 405 U.S. 978, 92 S.Ct. 1205, 31 L.Ed.2d 253 (1972).[1]

The instant indictment upon which defendant was convicted charged defendant (and others) with conspiracy:

" . . . to violate Title 26 United States Code, Section 4705(a), that is, to sell, barter, exchange and give away to others narcotic drugs, that is, heroin hydrochloride and cocaine hydrochloride, not in pursuance of written orders, written for that purpose as provided by law in violation of Title 18, United States Code, Section 371."

Defendant contends that the general verdict of guilty upon the above charge is a conviction of general conspiracy under 18 U.S.C. § 371 and therefore 5 years is the maximum sentence that could be imposed.

In pronouncing sentence the Court recited that defendant had been convicted of conspiring with others " . . . to violate 26 United States Code, 4705(a) in violation of 26 United States Code 7237(b)." At no time during the sentencing did defendant object to the twenty-year sentence being imposed under § 4705(a) and § 7237(b). Neither was this issue raised in his direct appeal. This matter was first raised by defendant in his motion to reduce sentence filed after our affirmance and the denial of certiorari.

The trial court in denying defendant's motion observed:

"Defendant at this time has not indicated how the miscitation could have prejudiced him in this case. In the indictment it is clear that defendant was charged with conspiracy to violate [26] U.S.C. 4705(a), thus the indictment was not so defective as to misinform defendant of the crime with which he was charged. Nor was there a material variance between the indictment and the proof. United States v. Schrenzel, 462 F.2d 765 (8th Cir. 1972). Further, the jury instructions for conspiracy were unaffected by the miscitation. Without any showing of prejudice defendant's motion for a

---

* Eastern District of Michigan, sitting by designation.

1. Defendant was also convicted upon substantive charges of dispensing and distributing heroin, 26 U.S.C. § 4704(a) and selling heroin, 26 U.S.C. § 4705(a) in the Southern District of Iowa. Sentences imposed were to run concurrently with the instant Minnesota conspiracy charge. *Affirmed,* United States v. Haley, 452 F.2d 398 (CA8 1971).

correction in sentence cannot be granted."

The trial court indicated its ruling was without prejudice to the defendant renewing his motion if he could demonstate that he was prejudiced by the miscitation in the indictment. Thereafter defendant filed a motion for correction of an illegal sentence to which he attached this Court's opinion affirming his conviction and a copy of the indictment returned against him. No new facts were presented to the trial court at the hearing on the motion to correct an illegal sentence. The motion was promptly denied. We find no evidence that defendant was prejudiced by the statutory miscitation and therefore affirm.

Rule 7(c) Fed.R.Crim.P. provides in part as follows:

" . . . The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

In Tanksley v. United States, 321 F.2d 647 (CA8 1963) we held that a miscitation of the statute involved did not require reversal unless prejudice was shown. *See also*, United States v. Bates, 429 F.2d 557, 559–560 (CA9 1970); Brown v. United States, 112 U.S.App. D.C. 57, 299 F.2d 438, 440 (1962).

In the instant case defendant was charged with conspiring to violate 26 U. S.C. § 4705(a), to sell narcotic drugs. 26 U.S.C. § 7237(b) specifically provides the penalty for conspiring to violate 4705

(a).[2] After review of the record we are satisfied that the miscitation of the general conspiracy statute, Title 18 U. S.C. § 371, did not misinform the defendant as to the charge. Neither was he misled as to the possible penalties involved. Defendant having failed to make any showing that he was prejudiced by the statutory miscitation was properly denied the relief requested.

Affirmed.

---

2. 26 U.S.C. § 7237(b): "Whoever commits an offense, or conspires to commit an offense, described in section 4705(a), or section 4742(a) shall be imprisoned not less than 5 or more than 20 years and, in addition, may be fined not more than $20,000. * * *."

The editor's notes to 26 U.S.C.A. § 4705 include as cross references, "Punishment for violation of narcotic laws, see section 7237 of this title."