Earnest L. JOHNSON, Jr.,
Plaintiff–Appellant,

v.

Shirley R. BAKER, Coordinator of Family Services & Ministerial Services; Lynn Anderson, Present Family Reunion Program Coordinator & Correctional Counselor; John Dillon, Coordinator for Sex Offender Group; Carolyn Steingerwald, Correctional Counselor; Gary C. Herrmann, Correctional Counselor; Hans Walker, Superintendent; Ronald F. Nelson, Deputy Superintendent–Program, Defendants–Appellees.

No. 1246, Docket 96–2388.

United States Court of Appeals,
Second Circuit.

Submitted Feb. 25, 1997.

Decided Feb. 26, 1997.

Earnest L. Johnson, pro se (Auburn Correctional Facility, Auburn, NY), for Plaintiff–Appellant.

Peter H. Schiff, Deputy Solicitor General (Dennis C. Vacco, Attorney General for the State of New York, Nancy A. Spiegel, Troy Oechsner, Assistant Attorneys General, Thomas D. Hughes, Assistant Solicitor General, New York City), for Defendants–Appellees.

Before: VAN GRAAFEILAND, MESKILL and CABRANES, Circuit Judges.

PER CURIAM:

Plaintiff Earnest L. Johnson, Jr., is an inmate at Auburn Correctional Facility ("Auburn"). In a complaint filed in the United States District Court for the Northern District of New York on May 22, 1995, he challenges Auburn's decision denying him admission to the Family Reunion Program, which permits inmates to spend extended periods of time with their spouses and families, because he had refused to admit to the commission of the sexual offenses of which he had been convicted. Specifically, plaintiff was informed that he would have to admit to his alleged wrongdoing in order to participate in Auburn's Sex Offender Program, membership in which is itself required for participation in the Family Reunion Program. Plaintiff's direct appeal to his conviction on sexual offense charges was pending at the time of his attempted admission into the Family Reunion Program, and he refused to admit to his alleged crimes. Consequently, he was removed from the Sex Offender Program and was denied admission into the Family Reunion Program. Plaintiff commenced the instant action pursuant to 42 U.S.C. § 1983, alleging that the confession requirement for participation in the Family Reunion Program, violated his rights under the Fourth, Fifth, and Fourteenth Amendments. Defendants moved to dismiss plaintiff's complaint under FED. R. CIV. P. 12(b)(6). The matter was referred to Magistrate Judge Daniel Scanlon, Jr., who filed an Order and Report–Recommendation on January 3, 1996, recommending that defendants' motions be granted. On review in light of plaintiff's objections to the Report–Recommendation, the United States District Court for the Northern District of New York (Rosemary S. Pooler, *Judge*) granted defendants' motions to dismiss on different grounds. *See Johnson v. Baker*, 1996 WL 191982 (N.D.N.Y.1996). The plaintiff filed his notice of appeal from the District Court's decision on May 2, 1996. We affirm.

■ As we understand plaintiff's primary claims, he argues that the requirement that he admit to his alleged wrongdoing violated his equal protection rights and his Fifth Amendment right against compelled self-incrimination. While we find no basis for plaintiff's equal protection claim, his Fifth Amendment claim raises an issue that this Court resolved only relatively recently, in our in banc decision in *Asherman v. Meachum*, 957 F.2d 978 (2d Cir.1992). In *Asherman*, we rejected an inmate's Fifth Amendment challenge to an order removing him from Supervised Home Release because he refused to submit to any psychiatric examination that included questioning about his alleged crimes. *Id.* at 980. We held that state officials are permitted to take adverse administrative action for failure to respond to inquiries, even where the answers might tend to incriminate, so long as the adverse "consequence is imposed for failure to answer a relevant inquiry and not for refusal to give up a constitutional right." *Id.* at 982. The state may not seek a court order compelling answers to its questions about an alleged offense, require a waiver of immunity, or insist that answers be used in a criminal proceeding. *Id.* at 983.

■ Plaintiff has not alleged that Auburn officials took any of these steps, forbidden by our decision in *Asherman*, to compel him to admit to the alleged offenses. Moreover, we have no doubt that inquiries seeking an inmate's admission to an alleged sexual offense are "relevant" to the proper functioning of a rehabilitative program. *Cf. Mahone v. Addicks Utility Dist.*, 836 F.2d 921, 936 (5th Cir.1988) (finding that equal protection "rationality review" is appropriate in motion to dismiss on pleadings where "it takes but

momentary reflection to arrive at a [governmental] purpose that is both legitimate beyond dispute and rationally related to the state's classification" (internal quotation marks omitted)). An inmate who is unwilling to admit to particular criminal activity is unlikely to benefit from a rehabilitative process aimed at helping those guilty of that activity. Likewise, participation in such a rehabilitative program is itself a rational requirement for membership in the Family Reunion Program.

We have considered all of the plaintiffs' contentions on this appeal and have found them to be without merit.