_____

                        No. 95-3862

                        _____

Patrick T. McMorrow, Jr.,              *
                                       *
         Plaintiff - Appellee,         *
                                       *
    v.                                 *
                                       *
Elaine Little, individually,           *
and as Director of the                 *
Department of Corrections and          *
Rehabilitation; Timothy                *
Schuetzle, individually, and           *
as Warden of the North Dakota          *
State Penitentiary; Daniel             *
Wrolstad, individually, and as         *
Acting Programs Director of            *
the North Dakota State                 *
Penitentiary; Diana Welk,              *
individually, and as Counselor         *
at the North Dakota State              *
Penitentiary; Glenn Otto,              *
individually, and as Human             *   Appeal from the United States
Service Program Administrator          *   District Court for the
of the North Dakota State              *   District of North Dakota.
Penitentiary;                          *
                                       *
         Defendants - Appellants,      *
                                       *
Ernest Reinert, individually,          *
and as Parole Coordinator at           *
the North Dakota State                 *
Penitentiary;                          *
                                       *
                   Defendants,         *
                                       *
Beverly Bergson, individually,         *
and as Counselor at the North          *
Dakota State Penitentiary; Mary        *
Dasovich, individually, and in         *
her official capacity;                 *
                                       *

```
        Defendants - Appellants,      *
                                       *
Warren G. Allen, individually,         *
and as Members of the North            *
Dakota Parole Board; Henry             *
Gayton, Jr., individually, and         *
as Members of the North Dakota         *
Parole Board; Sherry Mills             *
Moore, individually, and as            *
Members of the North Dakota            *
Parole Board,                          *
                                       *
                Defendants.     *
```

Appellee's Petition for Rehearing has been considered by the court and is granted.  The opinion and judgment entered January 8, 1997, are vacated.


March 17, 1997


Order entered at the direction of the Court:


Clerk, U.S. Court of Appeals, Eighth Circuit.

Patrick T. McMorrow, Jr.,      \*
                                        \*
      Plaintiff - Appellee,    \*
                                        \*
   v.                             \*
                                        \*
Elaine Little, individually,  \*
and as Director of the        \*
Department of Corrections and  \*
Rehabilitation; Timothy       \*
Schuetzle, individually, and   \*
as Warden of the North Dakota  \*
State Penitentiary; Daniel    \*
Wrolstad, individually, and as \*
Acting Programs Director of    \*
the North Dakota State        \*
Penitentiary; Diana Welk,     \*
individually, and as Counselor \*
at the North Dakota State     \*
Penitentiary; Glenn Otto,     \*
individually, and as Human    \* Appeal from the United States
Service Program Administrator  \* District Court for the
of the North Dakota State     \* District of North Dakota.
Penitentiary;               \*
                                        \*
     Defendants - Appellants,   \*
                                        \*
Ernest Reinert, individually,  \*
and as Parole Coordinator at   \*
the North Dakota State        \*
Penitentiary;               \*
                                        \*
              Defendants,    \*
                                        \*
Beverly Bergson, individually, \*
and as Counselor at the North  \*
Dakota State Penitentiary; Mary \*
Dasovich, individually, and in \*
her official capacity;        \*
                                        \*

```
         Defendants - Appellants,     *
                                       *
Warren G. Allen, individually,         *
and as Members of the North            *
Dakota Parole Board; Henry             *
Gayton, Jr., individually, and         *
as Members of the North Dakota         *
Parole Board; Sherry Mills             *
Moore, individually, and as            *
Members of the North Dakota            *
Parole Board,                          *
                                       *
               Defendants.     *
```

_____

Submitted:  July 12, 1996

Filed:  March 17, 1997

_____

Before WOLLMAN, JOHN R. GIBSON, and HANSEN, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Elaine Little, individually, and as Director of the Department of Corrections and Rehabilitation of North Dakota, and other officials of the North Dakota penitentiary system[1] appeal from an order of the district court denying their motion to dismiss, on the basis of qualified immunity, Patrick McMorrow's 42 U.S.C. § 1983 claim against them. The officials withheld parole, work release, and less restrictive confinement from McMorrow while he was

_____

[1]Timothy Schuetzle, individually, and as Warden of the North Dakota State Penitentiary; Daniel Wrolstad, individually, and as Acting Programs Director of the North Dakota State Penitentiary; Diana Welk, individually, and as Counselor at the North Dakota State Penitentiary; Glenn Otto, individually, and as Human Service Program Administrator of the North Dakota State Penitentiary; Beverly Bergson, individually, and as Counselor at the North Dakota State Penitentiary; Mary Dasovich, individually, and in her official capacity.

-2-

imprisoned in North Dakota because he refused to admit to his crime. McMorrow claims that the officials' denial of benefits violated his Fifth Amendment and Fourteenth Amendment right against self-incrimination, and the district court denied the officials' motion to dismiss on that ground. On appeal the officials argue that the law was not clearly established, that they are entitled to qualified immunity on this claim, and that McMorrow's claim must be dismissed. We reverse and remand for further consideration of those issues not before us on this appeal.

McMorrow was charged with gross sexual imposition for raping a woman. A jury found McMorrow guilty. As a part of McMorrow's sentence, he was required to attend the Sexual Offender Treatment Program at the North Dakota State Penitentiary. Before McMorrow could attend the program he had to admit that he committed the crime for which he was convicted.

McMorrow refused to admit that he committed the crime for which he was convicted. Because of his refusal, the officials denied McMorrow access to the sex offender program and eligibility for parole, work release, and less restrictive confinement. McMorrow brought this action under Section 1983 claiming that the sex offender program violated his Fifth and Fourteenth Amendment rights against self-incrimination, and sought both injunctive relief as well as damages. He also made a claim under the Eighth Amendment about the ignoring of his medical conditions, the district court denied summary judgment as to some of these issues, and these issues are not now before us.

The officials filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss McMorrow's complaint. They argued that McMorrow's complaint failed to state a claim upon which relief could be granted because of their qualified immunity. The

magistrate judge concluded in his report and recommendation that McMorrow had stated a claim that the officials' qualified immunity did not defeat. The magistrate judge determined that it was clearly established that it was a violation of McMorrow's constitutional right against self-incrimination to require him to admit his crime before allowing him to attend the sex offender program. The district court agreed with the magistrate judge's conclusions and adopted his report and recommendation. The officials appeal from the denial of their motion to dismiss McMorrow's claim.

The officials argue that McMorrow's claim should be dismissed as they are entitled to qualified immunity, because the constitutional right that McMorrow claims they violated was not clearly established.

We review de novo the district court's denial of the officials' Rule 12(b)(6) motion to dismiss McMorrow's complaint. See Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). We must review McMorrow's complaint most favorably to McMorrow and may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the complaint. See id. The officials' qualified immunity will bar relief to McMorrow unless his complaint states facts showing that the officials violated one of his constitutional rights and that the right was clearly established when the officials violated it. See Weaver v. Clarke, 45 F.3d 1253, 1255 (8th Cir. 1995). For a constitutional right to be clearly established, the contours of that right must be sufficiently clear and specific that a reasonable official would understand that what he is doing violates that right. See Anderson v. Creighton, 483 U.S. 635, 640 (1987).

McMorrow's complaint states that the officials withheld

certain benefits from him because he refused to admit committing the crime for which he had been convicted. Consistent with this statement, McMorrow may be able to prove two different sets of facts, each showing a different potential violation of his constitutional right against self-incrimination by the officials. Under each alternative, we accept that McMorrow refused to admit his guilt for the crime for which he was convicted and that the officials withheld benefits from him because of this refusal.

Accepting these facts, the first alternative assumes that McMorrow did not invoke his privilege against self-incrimination when he refused to admit his guilt and that his admission would not incriminate him for a crime other than the one for which he had already been convicted. McMorrow argues that a convicted defendant's constitutional right against self-incrimination prevents state officials from making benefits conditional on the defendant's admission of guilt. We will assume without deciding that McMorrow is correct and that these facts constitute a violation of his right against self-incrimination.

Assuming this violation of McMorrow's constitutional right, the officials are entitled to qualified immunity because it was not clearly established that their conduct was unconstitutional. At the time the officials withheld benefits from McMorrow, no court with jurisdiction over North Dakota had held that such conduct was a violation of a convicted defendant's constitutional right against self-incrimination. Other courts outside of North Dakota, however, had ruled on this issue at the time of the officials' conduct with mixed results.

Some courts have held that it is a violation of a convicted defendant's constitutional right against self-incrimination to increase his punishment or withhold a benefit because the defendant

refuses to admit to the crime for which he has been convicted.  See State v. Imlay, 813 P.2d 979, 983-85 (Mont. 1991), cert. granted, 503 U.S. 905, and cert. dismissed as improvidently granted, 506 U.S. 5 (1992); United States v. Wright, 533 F.2d 214, 216-17 (5th Cir. 1976) (per curiam); United States v. Laca, 499 F.2d 922, 927-28 (5th Cir. 1974).  Other courts, however, have held that such conduct is not a constitutional violation. See State v. Gleason, 576 A.2d 1246, 1250-51 (Vt. 1990); Gollaher v. United States, 419 F.2d 520, 530-31 (9th Cir.), cert. denied, 396 U.S. 960 (1969). Because there is no applicable North Dakota precedent and a split in the decisions by other courts, we cannot conclude that the law was well established and we hold that the constitutional right that McMorrow claims the officials violated was not clearly established.

The second alternative assumes that McMorrow refused to admit his guilt by invoking his privilege against self-incrimination and that his admission of guilt would be incriminating evidence of perjury because he earlier testified at his trial that he did not commit the rape for which he was convicted.  McMorrow argues that a convicted defendant's constitutional right against self-incrimination prevents state officials from making certain benefits conditional on the defendant's admission of guilt when the defendant invokes his privilege against self-incrimination and his admission would incriminate him.  We will again assume without deciding that McMorrow is correct and that these facts constitute a violation of his right against self-incrimination.

Again we conclude that the officials are entitled to qualified immunity because it was not clearly established that this conduct was unconstitutional.  At the time the officials withheld benefits from McMorrow for refusing to admit his guilt by invoking his privilege against self-incrimination, no court with jurisdiction over North Dakota had held that such conduct was a violation of a

convicted defendant's constitutional right against self-incrimination. Other courts outside of North Dakota, however, had ruled on this issue at the time of the officials' conduct with mixed results.

Some courts have held that it is a violation of a convicted defendant's right against self-incrimination to punish him or withhold a benefit because he refuses to admit his guilt by invoking his privilege against self-incrimination in a situation where he might incriminate himself. See Imlay, 813 P.2d at 985; Mace v. Amestoy, 765 F. Supp. 847, 851-52 (D. Vt. 1991). Cf. Thomas v. United States, 368 F.2d 941, 945-46 (5th Cir. 1966). Other courts have held that withholding a benefit when a convicted defendant refuses to admit his guilt by invoking his privilege against self-incrimination is constitutional because the defendant is not compelled to waive his privilege and simply forgoes a benefit by asserting his privilege. See Russell v. Eaves, 722 F. Supp. 558, 560 (E.D. Mo. 1989), appeal dismissed, 902 F.2d 1574 (8th Cir. 1990); Henderson v. State, 543 So. 2d 344, 346 (Fla. Dist. Ct. App. 1989). See also Asherman v. Meachum, 957 F.2d 978, 982-83 (2d Cir. 1992) (en banc). Again, because there is no North Dakota authority and a split in the decisions by other courts, we hold that the constitutional right that McMorrow claims the officials violated was not clearly established. See Montana v. Imlay, 506 U.S. 5, 6-7 (1992) (White, J., dissenting).

McMorrow cites Minnesota v. Murphy, 465 U.S. 420 (1984), to support his argument that the officials violated the Constitution by withholding parole, work release, and less restrictive confinement from him because he refused to admit his guilt by invoking his privilege against self-incrimination. In Murphy, the United States Supreme Court stated that it is "clear that a State may not impose substantial penalties because a witness elects to

exercise his Fifth Amendment right not to give incriminating testimony against himself." Id. at 434 (internal quotations omitted). McMorrow argues that the Court's statement and other language in Murphy clearly established that the officials' conduct was unconstitutional.

We reject McMorrow's argument because he misreads Murphy and the Supreme Court precedent relied on in Murphy. The Supreme Court reaffirmed in Murphy what it held in previous decisions, that the government cannot penalize someone for invoking his privilege against self-incrimination. Id. at 434-35 (citing Lefkowitz v. Cunningham, 431 U.S. 801, 805-06 (1977); Lefkowitz v. Turley, 414 U.S. 70, 79-84 (1973); Uniformed Sanitation Men Ass'n v. Commissioner of Sanitation, 392 U.S. 280, 283-84 (1968); Gardner v. Broderick, 392 U.S. 273, 278-79 (1968); Garrity v. New Jersey, 385 U.S. 493, 498-99 (1967)). Murphy does not, however, overrule the Court's earlier cases that state that the government can penalize someone for refusing to cooperate on government matters, even when the person does so by invoking his privilege against self-incrimination. Cunningham, 431 U.S. at 806; Turley, 414 U.S. at 84; Sanitation Men, 392 U.S. at 284; Gardner, 392 U.S. at 278. See also Baxter v. Palmigiano, 425 U.S. 308, 320 (1976). McMorrow's complaint states that the officials denied him certain benefits because he refused to admit his guilt, not because he invoked his privilege against self-incrimination. Under Murphy, prison officials may constitutionally deny benefits to a prisoner who, by invoking his privilege against self-incrimination, refuses to make statements necessary for his rehabilitation, as long as their denial is based on the prisoner's refusal to participate in his rehabilitation and not his invocation of his privilege. See Asherman, 957 F.2d at 980-83.

McMorrow's complaint alleges two different types of conduct by

the officials which could be constitutional violations. We have assumed that both types of conduct are constitutional violations. We conclude, however, that it was not clearly established at the time of the conduct that either type of conduct was a constitutional violation. Therefore, the officials are entitled to qualified immunity, and we must dismiss McMorrow's claim that the officials violated his constitutional right against self-incrimination.[2]

We reverse the district court's order and remand to the district court for dismissal of McMorrow's claim based on his right against self-incrimination, and for further proceedings as may be appropriate with respect to those claims that are not the subject of this appeal.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]In Poteet v. Fauver, 517 F.2d 393 (3d Cir. 1975), the Third Circuit Court of Appeals held that it was a violation of a convicted defendant's constitutional right to due process to increase his punishment because he refused to admit to the crime for which he had been convicted. Id. at 397. McMorrow has not argued that the officials' conduct violated his right to due process. Even if McMorrow had made such an argument, Poteet does not convince us that it was clearly established that the officials' conduct was a violation of McMorrow's right to due process.