# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4182

_____

John Doe, an Iowa State Prisoner,    *
        *
        Appellant,    *   Appeal from the United States
        *   District Court for the Southern
    v.    *   District of Iowa.
        *
Walter Sauer, et al.,    *
        *
        Appellees.    *

_____

Submitted:  June 14, 1999
Filed:  July 29, 1999

_____

Before HANSEN, MAGILL, Circuit Judges, and JONES[1], District Judge.

_____

JONES, District Judge.

Plaintiff John Doe[2] appeals from a final judgment entered by the district court[3] granting the defendants, officials of the Iowa State Board of Parole ("parole board"),

_____

[1]The Honorable John B. Jones, United States District Judge, United States District Court for the District of South Dakota, sitting by designation.

[2]Plaintiff is a prisoner incarcerated with the Iowa Department of Corrections who filed his claims under a fictitious name to protect himself from possible harm should it be known that he is a convicted child molester.

[3]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

summary judgment on Doe's claims under 42 U.S.C. § 1983 for violation of his Fifth and Fourteenth Amendment rights against self-incrimination. We affirm.

## I. BACKGROUND

Doe was convicted of sexual abuse of a minor in Iowa in 1991 and sentenced to a term of imprisonment of 25 years. Doe's conviction was affirmed by the Iowa Supreme Court. The parole board first considered Doe for parole in 1992. Citing the seriousness of Doe's offense, the parole board denied Doe's request for parole. The parole board denied parole to Doe five additional times from 1993 to 1997, again citing the seriousness of Doe's offense as the reason for denial of parole. Beginning in 1993, the parole board recommended Doe enter a sexual offender treatment program ("SOTP") offered by the Iowa Department of Corrections. Doe testified in his deposition that he has refused to enter the SOTP because he refuses to admit guilt concerning any act of sexual abuse, including his offense of conviction. In order to successfully complete the SOTP, an inmate convicted of a sex offense must admit he has a sexual problem. Doe has never admitted that he is guilty of the sex offense for which he was convicted.

Doe alleges a prerequisite for successful completion of the SOTP is that an inmate admit guilt not only for the offense of conviction, but also for other acts of sexual abuse without any grant of immunity from prosecution for such admissions. Doe's contention is that the SOTP's asserted requirement that an offender admit offenses other than the offense of conviction violates his right against self-incrimination in violation of the Fifth and Fourteenth Amendments. Doe contends the district court erred in granting summary judgment to the parole board without affording him the opportunity for adequate discovery on the issue of whether completion of the SOTP is or is not a prerequisite for parole and on the issue of whether successful completion of the SOTP requires an inmate to admit guilt to offenses other than the offense of conviction.

The parole board contends no evidence exists in the record that it denied parole to Doe for any reason other than the seriousness of his crime. The denial letters sent to Doe from the parole board state "[i]n view of the seriousness of the crime for which you were convicted, the Board believes that a parole at this time would not be in the best interest of society." Beginning in 1993, the denial letters further state "[t]he Board would like to see your involvement during the coming year in recommended Sex Offender Treatment Program." Richard E. George, the Executive Director for the parole board, submitted an affidavit in support of the summary judgment motion. George explained acceptance of responsibility is an important step in inmate rehabilitation and Doe's participation in the recommended SOTP "would enhance his chance of being paroled, but is not a prerequisite of parole."

The district court granted summary judgment in favor of defendants, concluding no genuine issue of material fact existed regarding the reason parole was denied to Doe. The district court concluded the record established that the parole board denied Doe parole because of the seriousness of his offense and not for any other reason, including refusal to participate in his rehabilitation or invoking his right against self-incrimination.

## II. DECISION

We review a grant of summary judgment de novo, applying the same standard as the district court. See Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir. 1998). Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party for summary judgment bears the initial burden of

demonstrating the absence of a genuine issue of fact for trial. <u>Celotex Corp. v. Cattrett</u>, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

Although Doe contends he was denied parole for his refusal to participate in the SOTP, and not solely because of the seriousness of his offense, Doe has not offered any evidence sufficient to create a genuine issue of material fact on this issue. Doe also alleges successful completion of the SOTP requires him to admit to sexual offenses other than the offense of conviction. There is no evidence in the record to support this allegation, other than Doe's conclusory statements. Doe contends that if he would have been given more time to conduct discovery, he would have been able to produce some evidence to support these allegations. Doe, however, did not ask the district court for additional time to conduct discovery.

We review for abuse of discretion the district court's determination that a claim is ripe for summary judgment and that no further discovery is needed. <u>See</u> <u>Humphreys v. Roche Biomedical Labs., Inc.</u>, 990 F.2d 1078, 1081 (8th Cir. 1993). A party seeking to delay resolution of a summary judgment motion can do so by filing a request under Federal Rule of Civil Procedure 56(f) to postpone the decision until the completion of adequate discovery. <u>See</u> <u>In re Temporomandibular Joint (TMJ) Implants Products Liability Litigation</u>, 113 F.3d 1484, 1490 (8th Cir. 1997). If the nonmoving party does not file a Rule 56(f) motion or ask for a continuance, "a court generally does not abuse its discretion in granting summary judgment based on the record before it." <u>Id.</u> Doe did not file a Rule 56(f) motion or otherwise request a continuance, and we find the district court did not abuse its discretion in ruling on the parole board's motion for summary judgment.

Even if there was a genuine issue of material fact regarding whether the parole board denied parole to Doe because he failed to participate in the SOTP, he would not prevail on his § 1983 claim. The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." The Supreme Court held that "[t]he Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." Lefkowitz v. Turley, 414 U.S. 70, 77 (1973). Furthermore, a state may not impose substantial penalties on a person who decides to invoke his right against self-incrimination. Minnesota v. Murphy, 465 U.S. 420, 434 (1984).

Notwithstanding the prohibition on the state of penalizing a person who invokes his Fifth Amendment right, "prison officials may constitutionally deny benefits to a prisoner who, by invoking his privilege against self-incrimination, refuses to make statements necessary for his rehabilitation, as long as their denial is based on the prisoner's refusal to participate in his rehabilitation and not his invocation of his privilege." McMorrow v. Little, 109 F.3d 432, 436 (8th Cir. 1997) (citing Asherman v. Meachum, 957 F.2d 978, 980-83 (2nd Cir. 1992)). Thus the denial of parole is permissible if it is based on the prisoner's refusal to participate in his rehabilitation and not based on his invocation of his privilege. See Asherman, 957 F.2d at 982-83. Doe has refused to admit he committed the offense for which he was convicted, and as observed by the Second Circuit, "[a]n inmate who is unwilling to admit to particular criminal activity is unlikely to benefit from a rehabilitative process aimed at helping those guilty of that activity." Johnson v. Baker, 108 F.3d 10, 12 (2nd Cir. 1997) (holding a policy requiring an inmate to admit to sexual offenses before admission to sex offender treatment program did not violate the inmate's right against self-incrimination). Therefore, even if the parole board denied parole to Doe because he refused to participate in the SOTP, the denial was based on

Doe's refusal to participate in his rehabilitation and was not based on Doe's invocation of his privilege against self-incrimination.

## III. CONCLUSION

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.