# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3321

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Trent L. Williams, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 14, 2005
Filed: April 25, 2005

_____

Before LOKEN, Chief Judge, FAGG and BYE, Circuit Judges.

_____

PER CURIAM.

The Government charged Trent L. Williams with possession of counterfeit money. At the end of Williams's trial, the district court[*] instructed the jury that to convict Williams, it had to find he acted with intent to defraud. After the jury found Williams guilty, Williams filed a motion to arrest judgment based on the indictment's failure to allege an essential element of the offense–intent to defraud. Rather than using the phrase "intent to defraud," the indictment stated Williams "did knowingly have in his possession and custody, with intent to sell or otherwise use, counterfeit

_____

[*]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

obligations of the United States." The district court denied Williams's motion, concluding the indictment's language conveyed the concept that Williams intended to defraud or cheat someone by selling or using the counterfeit bills.

On appeal, Williams contends the district court should have arrested the judgment because the indictment failed to allege he acted with intent to defraud. Because Williams did not challenge the indictment's sufficiency before jeopardy attached, we liberally construe the indictment in favor of sufficiency and uphold the indictment "'unless it is so defective that by no reasonable construction can it be said to charge the offense.'" United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001) (quoting United States v. Pennington, 168 F.3d 1060, 1064-65 (8th Cir. 1999)). An indictment is sufficient "'if it fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to a future prosecution.'" Id. (quoting United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir. 1988)). A particular word or phrase need not be used if we can recognize a valid offense and the allegation substantially states the offense's elements. Id. An indictment is insufficient only if the substance of an essential element is omitted. Id. Although the issue is close, we conclude the substance of the element of intent to defraud was conveyed by the language stating Williams knowingly possessed with intent to "sell or otherwise use" the bogus money. To do so, Williams would necessarily knowingly defraud any unwitting recipient of the fake bills.

For the first time on appeal, Williams alleges the indictment is also insufficient because it cites 18 U.S.C. § 471, the statute prohibiting the making of counterfeit currency, instead of § 472, the statute prohibiting the possession of counterfeit currency. An error in, or the omission of, a statute's citation in the body of an indictment is not grounds for a conviction's reversal unless the error or omission misleads the defendant to his prejudice. United States v. Haley, 478 F.2d 766, 768 (8th Cir. 1973). Williams does not even try to show he was misled or prejudiced because of the erroneous citation. The indictment's caption reads "Possession of

Falsely Made Federal Reserve Notes," and the body of the indictment alleges Williams "knowingly had in his possession and custody" counterfeit currency, a violation of 18 U.S.C. § 472, not § 471. Further, the verdict-directing instruction included all of the elements of an offense under § 472.

Because the indictment can be reasonably construed to charge the offense of possession of counterfeit money in violation of 18 U.S.C. § 472, the district court properly denied Williams's challenge to the sufficiency of the indictment, and we affirm Williams's conviction. We are disturbed that the indictment's citation of the wrong statute found its way into the final judgment, however. We thus remand for entry of an amended judgment correcting this error.

_____