# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2288

_____

Li Wilson,

         Appellant,

  v.

Kansas City Insurance Company,

         Appellee.

         \*   Appeal from the United States
         \*   District Court for the
         \*   Western District of Missouri
         \*   [UNPUBLISHED]

_____

Submitted: March 29, 2005
Filed: August 2, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Li Wilson appeals from the final judgment entered in the District Court[1] for the Western District of Missouri granting summary judgment to her former employer, Kansas City Life Insurance Company (KC), and denying Wilson requested discovery, in her action claiming unlawful termination based on race (Asian), national origin (Chinese), gender, and age. For the reasons discussed below, we affirm the judgment of the district court.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Wilson began working for KC in December 2000.  One requirement of her job was that she become proficient in using Integrity software, a process that Barry Nelson, Wilson's supervisor, expected to take approximately six months.  Nelson reviewed Wilson in August 2001, and rated her as "not fully meets," documenting areas where she needed improvement, including her knowledge of the Integrity software, completing tasks on time, identifying and investigating problems, organizing her documentation, and learning about other applications.  In an October 2001 review, Nelson rated Wilson as "provisional," redocumenting her performance deficiencies, including that she failed to demonstrate expected command of the software, did not demonstrate strong analytical thinking or initiative, provided documentation that was "cryptic," and failed to "construct good sentences."  On November 30, 2001, Nelson determined that Wilson's performance was not adequate and terminated her employment.

Although Wilson had a discovery motion outstanding, the court granted summary judgment to KC, after finding that the summary judgment motion was not premature.  We review de novo the grant of summary judgment, viewing the record in the light most favorable to Wilson.  See Jacob-Mua v. Veneman, 289 F.3d 517, 520 (8th Cir. 2002).

Even assuming that Wilson established a prima facie case of discrimination, we find that she did not show Nelson's reasons for terminating her were pretextual.  See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-08 (1993) (describing burden shifting).  While Wilson argues that her performance was excellent, and that becoming proficient in the software took more time than she was given, she did not offer any evidence to dispute that she received help from Nelson on her projects, or that Nelson believed she required more help than she should have.  Any unfairness in the requirement that she learn to use the software in six months, absent evidence that similarly situated employees were given more time, does not show a pretext for discrimination.  See Wheeler v. Aventis Pharms., 360 F.3d 853, 857 (8th Cir. 2004)

(inquiry into reason for discharge is not whether employer's decision was correct or wise, but whether it was pretext for discrimination).  Significantly, Wilson did not show that she was treated differently than similarly situated employees, as she admitted that her coworkers had different job duties.  See Tolen v. Ashcroft, 377 F.3d 879, 882-83 (8th Cir. 2004) (to be similarly situated, comparable employees must have, inter alia, engaged in same conduct without distinguishing circumstances).  Further, we agree with the district court that Nelson's comments that Wilson caused problems when she said, "I don't remember," and that she failed to construct meaningful sentences, did not constitute discrimination based on her age, race, or national origin, but rather were assessments of Wilson's ability to perform her job.  See Hannoon v. Fawn Eng. Corp., 324 F.3d 1041, 1047-48 (8th Cir. 2003) (criticizing foreign employee's facility with English language does not constitute discrimination against particular race or national origin).

Finally, we find the district court did not abuse its discretion in determining that the case was ripe for summary judgment, see Doe v. Sauer, 186 F.3d 903, 906 (8th Cir. 1999), as there is no indication that the requested discovery was material.  Accordingly, we affirm.

_____