# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2869

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Northern District of Iowa. |
| Dominick Daniel Nace, | * |
| | * |
| Appellant, | * |

_____

Submitted: January 10, 2005
Filed: August 18, 2005

_____

Before LOKEN, Chief Judge, and MORRIS SHEPPARD ARNOLD and MURPHY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Dominick Nace appeals from the sentence imposed by the district court[1] following the revocation of his term of supervised release. We affirm.

Mr. Nace first argues that the district court, in violation of his fifth amendment right against self-incrimination, relied on his failure to report his drug use to his probation officer to "depart upward" three months above the guideline range set out

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

in U.S.S.G. § 7B1.4. We note initially that because the guidelines for post-revocation sentences are now and were at the time of Mr. Nace's sentencing advisory only, the sentence imposed (which was below the statutory maximum) was not a "departure" as that term is used in the guidelines. *See* U.S.S.G. § 7B1.4; *United States v. White Face*, 383 F.3d 733, 738 (8th Cir. 2004). In sentencing Mr. Nace, the district court was required only to consider the suggested guidelines, which it did. *See United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005).

Mr. Nace did not raise his fifth amendment argument in the district court, and therefore we review for plain error. *Cf. United States v Franklin*, 397 F.3d 604, 607 (8th Cir. 2005). Mr. Nace is thus entitled to relief only if there is error that is plain, affected his substantial rights, and " 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings,' " *United States v. Olano*, 507 U.S. 725, 732-36 (1993) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)). "Plain" is synonymous with "obvious," and to be plain an error must at least be "clear under current law." *See id.* at 734. We conclude that if a fifth amendment error occurred here, it is not plain.

At the time of this revocation, the district court had previously revoked Mr. Nace's probation and sentenced him to prison. While he was on supervised release following that term of imprisonment Mr. Nace committed the violations that led to the revocation sentence from which he now appeals. Before imposing sentence here, the district court addressed Mr. Nace as follows:

> Mr. Nace, you fall into a category of defendant that I see very often; defendant given the opportunity for treatment who thinks he knows more than treatment people. Until you start abiding by what your drug counselors tell you about how to stay clean and sober and decide that that's the life-style you want, you will continue to be a user, and you will continue to violate the law, and you will be in and out of prison the rest of your life. You have not internalized the lessons that you have learned

in treatment. We have tried to work with you in the community. When you wouldn't work with us in the community, I sent you back to prison hoping that you would learn your lesson and that when you came out, you'd work to stay clean and sober. I'd feel differently about this if you had gone to your counselor, Ms. Vestle [Mr. Nace's probation officer], and asked for her help, but you continued to use I guess hoping that you wouldn't get caught, and then when she did catch you by virtue of [testing positive for marijuana], then you explained to her that you've been using. If you had gone before the test and said, "You know, Ms. Vestle, I'm really struggling, I need help," I might look at this differently, but this is just a pattern of conduct that has been your pattern since you have been in my court.

The court then added, "So I make the finding that you do need drug treatment; I agree with you." Noting that Mr. Nace had violated his supervised release by not showing up for drug testing and counseling and continuing to use drugs, the court concluded that his treatment would take place in prison because "we cannot work with you in the community." After saying that it had taken "the factors" in 18 U.S.C. § 3553(a) into consideration, the court concluded, "A year sentence is my sentence because I want [Mr. Nace] to get treatment within the institution, and that is going to take a minimum of 12 months."

The fifth amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Here there is no evidence that Mr. Nace was directly "compelled" to answer any question or that he invoked his fifth amendment privilege. Instead Mr. Nace relies for his claim on the district judge's statement to him that she would "feel differently about this" if he had gone to his probation officer and "asked for her help" before testing positive for drugs. Mr. Nace maintains that the court's comments demonstrate that it sentenced him above the suggested sentencing range because he exercised his right to remain silent rather than incriminating himself to his probation officer.

-3-

Mr. Nace has cited us to no case, and we have discovered none, finding a fifth amendment violation based on facts like those presented here. We recognize that an individual does not lose the privilege against self-incrimination by being convicted of a crime, and that he or she may claim the privilege in civil or criminal proceedings, formal or informal, where the answers might be incriminating in future criminal proceedings. *See Minnesota v. Murphy*, 465 U.S. 420, 426 (1985). Mr. Nace relies on *Murphy*, which held that a defendant's confession that was made in response to questions from his probation officer was not "compelled" and was therefore admissible at his criminal trial because he did not assert his fifth amendment right when questioned by the probation officer. *Id.* at 422, 440. The Court explained that the defendant should have known that the privilege was available to him because, *inter alia*, the Court had previously "made clear that the State could not constitutionally carry out a threat to revoke probation for the legitimate exercise of the Fifth Amendment privilege." *Id.* at 438.

Thus *Murphy* appears to stand for the right of a defendant to refuse to answer a probation officer's potentially incriminating questions (at least where the defendant's assertion of his or her fifth amendment right is "legitimate"). But even assuming that this statement in *Murphy* lends some support to the proposition that the fifth amendment prohibits a district court from increasing a revocation sentence based on a defendant's failure voluntarily to incriminate himself or herself to a probation officer, it does not establish that such reliance by a district court would be "clear" error "under current law," or, more importantly, that clear error occurred here.

Mr. Nace maintains that the district court gave him a longer sentence because he did not admit to a crime related to his ongoing drug problem. We have held that parole may be denied to " 'a prisoner who, by invoking his privilege against self-incrimination, refuses to make statements necessary for his rehabilitation, as long as [its] denial is based on the prisoner's refusal to participate in his rehabilitation and not his invocation of his privilege.' " *Doe v. Sauer*, 186 F.3d 903, 906 (8th Cir. 1999)

(quoting *McMorrrow v. Little*, 109 F.3d 432, 436 (8th Cir.1997)).  And we believe that the general tenor of the district court's statements quoted above reflects its concern with Mr. Nace's participation in his rehabilitation.  We note that the court considered Mr. Nace's past behavior and concluded that the defendant was not using the help that was available to him in order to "stay clean and sober."  In addition, we are not convinced that the court was saying that Mr. Nace should have incriminated himself:  It did not specifically require this of Mr. Nace but rather told him twice that he should have asked for help when he needed it.

It is also not clear to us that the district court sentenced Mr. Nace above the suggested guideline range because he failed to ask for help:  At one point, the court said that "it *might* look at this differently" if Mr. Nace had told his probation officer that he was "really struggling" and "needed help" (emphasis added); the court did not say what it would have, or might have, done differently if Mr. Nace had asked for help before testing positive for drugs; and the court specifically stated that the length of the sentence was based on the minimum time necessary for Mr. Nace to get drug treatment, which he admitted to needing.  We believe that the district court considered Mr. Nace's history and characteristics and his need for medical and correctional treatment as it was required to do under 18 U.S.C.A. §§ 3583, 3553(a)(1), (a)(2)(D), and that it based Mr. Nace's sentence on his need for drug treatment in a prison setting.  *See United States v. Thornell*, 128 F.3d 687, 687-89 (8th Cir. 1997).

For all of the above reasons, we conclude that it is far from "clear under current law" that the district court violated Mr. Nace's privilege against self-incrimination.

We also reject Mr. Nace's contention that his sentence must be reversed because the Sentencing Reform Act as a whole is unconstitutional.  This argument is foreclosed by *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Coleman*, 404 F.3d 1103 (8th Cir. 2005) (per curiam), which were decided after Mr. Nace filed his brief.  As we have said, even before *Booker* the guidelines

applicable to sentences imposed upon revocation of supervised release were advisory only. And in *Booker*, the Supreme Court "excised from the Sentencing Reform Act only those provisions that made application of the [other] sentencing guidelines mandatory ... Among the remaining provisions ... that the Court recognized as constitutionally valid was the supervised release statute, 18 U.S.C. § 3583." *Coleman*, 404 F.3d at 1104 (internal citation omitted).

We therefore affirm Mr. Nace's sentence.

Murphy, Circuit Judge, concurring.

I write separately only to point out the very significant difference for constitutional purposes between the necessary communications involved in supervision of a defendant on supervised release and the type of inquiry in Minnesota v. Murphy, 465 U.S. 420 (1984), where the probation officer was informed that the defendant had admitted during sex offender treatment to committing a rape and murder, determined that the police should have this information, and subsequently set up a meeting with the defendant during which he admitted to the crimes.

_____