# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3875

_____

United States of America,                *
                                        *
          Appellee,          *
                                          *    Appeal from the United States
     v.                      *    District Court for the
                                          *    Western District of Missouri
Trent L. Williams,             *
                                          *       [UNPUBLISHED]
          Appellant.        *

_____

Submitted: February 15, 2007
Filed: February 23, 2007

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Trent L. Williams was found guilty by a jury on a charge of possession of falsely made Federal Reserve Notes, in violation of 18 U.S.C. § 472, and was sentenced to a term of twelve months and one day, to be followed by a period of three years of supervised release. We affirmed the conviction in an unpublished opinion. United States v. Williams, 129 Fed. Appx. 332 (8th Cir. 2005).

Thereafter, Williams was arrested for violating the conditions of his supervised release. At his revocation hearing, Williams stipulated that he had failed to report to his probation officer, had failed to follow his probation officer's instructions, and had

failed to provide notification of his change of address. The district court[1] revoked Williams's supervised release and sentenced him to twenty-four months' incarceration, with no supervision to follow, noting that this period of incarceration would enable Williams to participate in a 500-hour drug program that would assist him in overcoming his problem with drugs, a rehabilitative regimen that Williams's counsel requested during the colloquy at sentencing.

Williams now challenges his sentence as being unreasonable, contending that the district court did not adequately consider the policy statements contained in Chapter Seven of the Sentencing Guidelines Manual and the sentencing criteria set forth in 18 U.S.C. § 3553.

Assuming, without deciding, that Williams preserved the objections he now raises, we conclude that the district court did not err in imposing sentence as it did. The recommendations set forth in Chapter Seven are advisory only, see, e.g., United States v. White Face, 383 F.3d 733, 738 (8th Cir. 2004). The district court gave appropriate weight to Williams's rehabilitative needs, see United States v. Thornell, 128 F.3d 687, 688 (8th Cir. 1997) (finding 500-hour drug program to be carefully tailored to offender's needs). See also United States v. Nace, 418 F.3d 945 (8th Cir. 2005) (affirming prison-based drug-treatment revocation sentence).

As for Williams's contention that the district court failed to give adequate consideration to the 18 U.S.C. § 3553 sentencing factors, we note that the district court was completely familiar with Williams's background and his need for a drug rehabilitation program. A fair reading of the sentencing transcript reveals that all parties were aware that Williams would receive a sentence of incarceration (indeed, his counsel requested a sentence of twelve months and one day, with no supervision

---

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

to follow).  Accordingly, the district court's determination that a twenty-four month sentence (against which the district court stated Williams should receive credit for the two months he had already spent in confinement) was necessary to accomplish the goal of rehabilitation constituted an adequate consideration of the § 3553 factors and resulted in a sentence that is not unreasonable.

The sentence is affirmed.

_____