United States Court of Appeals

For the Eighth Circuit

_____

No. 23-1413

_____

April Ingram

*Plaintiff - Appellant*

v.

Arkansas Department of Correction

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas

_____

Submitted: December 14, 2023
Filed: January 26, 2024

_____

Before SMITH, Chief Judge, GRUENDER and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

April Ingram, who describes herself as an African American woman, sued her former employer, the Arkansas Department of Corrections (ADC), for wrongful

termination based on her race and sex.[1] The district court[2] dismissed Ingram's claims because her allegations did "not support an inference of discrimination . . . ." We agree.

## I. Background

In reviewing a motion to dismiss, we accept "as true all facts alleged in the complaint." *Trooien v. Mansour*, 608 F.3d 1020, 1026 (8th Cir. 2010). Ingram was employed as a Program Specialist of "hobby crafts" by ADC from July 12, 2012, to May 12, 2021, at the Tucker Unit, a prison run by ADC. Part of Ingram's role required her to be responsible for the keys to the office doors in the hobby-crafts area and the money designated for hobby crafts. One weekend, an inmate broke into the hobby-crafts office. When Ingram returned to work, a lieutenant's keys and $359 of hobby-crafts funds in the lockbox were missing from the office.

After some investigation, an inmate confessed to "breaking into the office and taking the money." ADC later terminated Ingram for allegedly violating agency policies, unsatisfactory work performance resulting in property damage, falsification of written or verbal statements, and theft of property or mishandling of ADC funds or assets for personal gain. Up until that time, Ingram had satisfactory employment evaluations.

Ingram then filed suit, claiming wrongful termination based on her race and sex. To support her claims, Ingram mentioned three instances when ADC treated a male counterpart more favorably than her in related wrongdoings.

---

[1]Ingram initially alleged unlawful race discrimination, sex discrimination, age discrimination, and retaliation. She later abandoned her age-discrimination and retaliation claims.

[2]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

First, ADC did not take disciplinary action against Lieutenant James McCalla, a white male, when he authorized another lieutenant to leave her keys with Ingram, in violation of ADC's key-control policy. Second, ADC did not take disciplinary action against the Tucker Unit's warden when he did not authorize better locks for the hobby-crafts area doors. But Ingram did not mention the warden's race or the policy he allegedly violated. Third, ADC did not take disciplinary action against Officer Randy Moore after he lowered an inmate through an unlocked grate to retrieve the lost keys. Ingram also failed to mention Officer Moore's race or the policy he allegedly violated.

The district court dismissed Ingram's complaint because "[t]he facts . . . do not give rise to an inference that Ms. Ingram was meeting her employer's legitimate expectations because [a lieutenant's] keys and funds for which Ms. Ingram was responsible were stolen from the hobby crafts area." Additionally, the district court found that "the circumstances . . . do not give rise to an inference of discrimination" because Ingram failed to allege she was similarly situated to other employees. This appeal followed.

## II. Analysis

"We review de novo a grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), accepting as true all factual allegations in the light most favorable to the nonmoving party." *Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (citing Fed. R. Civ. P. 12(b)(6)). To survive a motion to dismiss, a complaint must allege sufficient facts to state a facially plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To determine whether a complaint states a facially plausible claim, we accept the factual allegations in the complaint as true and draw all reasonable inferences in the nonmovant's favor." *Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020). But "we need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick*, 944 F.3d at 717. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

At the pleading stage in the discrimination context, it is unnecessary to plead enough facts to establish a prima facie case. *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016). Nevertheless, the elements of a prima facie case remain relevant in determining the plausibility standard as the elements "may be used as a prism to shed light upon the plausibility of the claim." *Id.* (quoting *Rodriguez–Reyes v. Molina–Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013)). "[T]he complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Id.* (quoting *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc)). An employee may establish a prima facie case of discrimination by showing that "(1) she is a member of a protected class; (2) she met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 964 (8th Cir. 2023). "A plaintiff can create an inference of discrimination by showing that she was treated differently than similarly situated persons who are not members of the protected class." *Id.*

Ingram's pleading initially satisfies the first and third discrimination elements—Ingram pled she belongs to protected groups based on her race and sex. Ingram also claims she suffered an adverse employment action—termination. Ingram, however, failed to plead adequate facts related to the second and fourth prima facie elements—that she was meeting ADC's legitimate expectations and the circumstances gave rise to an inference of discrimination (or that ADC treated similarly-situated employees more favorably). Notably, Ingram did not even allege that any of ADC's reasons for termination were false or pretextual. Rather, she alleges "African Americans were repeatedly reprimanded and disciplined for relatively minor mistakes." She alleges the same for female employees.

Because of her complaint's deficiencies, the district court was correct in determining Ingram's "factual allegations do not give rise to an inference that she met her employer's legitimate expectations . . . ." In fact, Ingram's complaint supports an alternative conclusion. She pled she was responsible for the keys to the

hobby-crafts area and for managing the money used for hobby crafts. She also pled that a prisoner accessed the hobby-crafts area, taking the very money she was responsible for. This is an obvious and alternative explanation for Ingram's termination that renders her discrimination complaint implausible. *See Wilson v. Ark. Dep't of Hum. Servs.*, 850 F.3d 368, 373 (8th Cir. 2017) ("This court considers 'whether there are lawful, obvious alternative explanations for the alleged conduct' that would render [the employee's] complaint implausible." (quoting *McDonough v. Anoka Cnty.*, 799 F.3d 931, 946 (8th Cir. 2015)) (cleaned up)).

Moreover, Ingram did not sufficiently plead that similarly-situated employees were treated more favorably. Although Ingram alleged she was subjected to a stricter level of scrutiny than certain white/male co-workers, none of her proffered comparators in her complaint were "similarly situated in all relevant respects" to Ingram. *See Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016) ("Comparator employees must be 'similarly situated in all relevant respects.'" (quoting *Young v. Builders Steel Co.*, 754 F.3d 573, 578 (8th Cir. 2014))).

For example, Ingram claims Lieutenant McCalla, a white male who was not disciplined, engaged in an action that violated an ADC policy. But Ingram and Lieutenant McCalla were not similarly situated because they had different job duties—he was not a Program Director, nor does his work relate to hobby crafts. *See Wilson v. Kansas City Ins. Co.*, 143 F. App'x 723, 724 (8th Cir. 2005) (unpublished) (noting employee "did not show that she was treated differently than similarly situated employees" when "she admitted that her coworkers had different job duties") (citing *Tolen v. Ashcroft*, 377 F.3d 879, 882–83 (8th Cir. 2004)).

Ingram's claims that she was similarly situated to the warden and Officer Moore are also unpersuasive.[3] The warden and Officer Moore do not share the same job duties as Ingram—they are not Program Directors, and their duties do not relate

---

[3]Ingram did not plead the race of the warden or Officer Moore, so we cannot consider them as comparators for Ingram's race discrimination claim.

to hobby crafts. Ingram did not allege either the warden or Officer Moore violated any ADC rule or policy. *See Ebersole v. Novo Nordisk, Inc.*, 758 F.3d 917, 925 (8th Cir. 2014) (In determining whether employees are similarly situated, "[t]he comparators need not have committed the exact same offense but must have engaged in conduct 'of comparable seriousness.'" (quoting *Burton v. Ark. Sec'y of State*, 737 F.3d 1219, 1231 (8th Cir. 2013))). Ingram alleged the warden did not agree to update the lock, but she never alleged such conduct violated an ADC policy. Ingram alleged Officer Moore lowered an inmate through an open grate to retrieve the lost keys, but again, we do not know if such conduct violated an ADC policy. In contrast, Ingram did not deny her own actions violated ADC policy.

In sum, Ingram's allegations that ADC subjected her to a stricter level of scrutiny than her coworkers are naked assertions without further factual enhancements. *See Iqbal*, 556 U.S. at 678 (holding a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original)). Therefore, Ingram's minimal factual allegations are insufficient, even at the motion to dismiss stage, to allow us to draw the reasonable inference that ADC discriminated against her based on her race or sex. *See id.* at 679 ("Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

### III. Conclusion

For the foregoing reasons, we affirm the district court.

_____