# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3901

_____

United States of America,          *
                                   *
       Plaintiff-Appellee,          *
                                   *   Appeal from the United States
    v.                             *   District Court for
                                   *   Southern District of Iowa.
Lilian Maswai,                     *
                                   *
       Defendant-Appellant.         *

_____

Submitted: June 21, 2005
Filed: August 22, 2005

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

    Lilian Maswai was indicted for making a false attestation on an employment eligibility verification form, in violation of 18 U.S.C. § 1546(b)(3). The charge was based on information furnished by her husband after his arrest for domestic assault, and she moved to exclude the government's evidence under 8 U.S.C. § 1367, a provision of the Immigration and Nationality Act (INA) which places restrictions on the use of information about battered alien spouses. The motion was denied by the district court, and Maswai entered a conditional plea of guilty. She now appeals the denial of her motion. We affirm.

Maswai is a native of Kenya who entered this country on February 23, 2001 and stayed beyond the time permitted under her visa. She married Albert Ngoytz, a legal permanent resident living in West Des Moines, Iowa, in August 2002. It is not contested that Ngoytz was abusive throughout their marriage. Police were called to the couple's residence on December 8, 2002, and Maswai, who was pregnant at the time, told the officers that Ngoytz had pushed her and grabbed her clothing during an argument. They observed a scratch on the back of her neck and arrested Ngoytz for domestic assault causing injury. While he was in jail on the charge, Ngoytz wrote Senator Charles Grassley on December 23 to report that Maswai was illegally living and working in the country.

The senator's office referred the matter to immigration officials who opened an investigation into Maswai's status. They learned that her nonimmigrant visitor status had expired on April 22, 2001, that her application for student status had been denied on October 5, 2001, and that she started working for Wells Fargo Bank as a loan processor on February 4, 2002. As part of her job application she had signed an I-9 form and checked a box on it to indicate she was a citizen or national of the United States. Subsequent analysis confirmed that it was her handwriting on the employment form. The matter was later referred to the United States Attorney for prosecution.

Maswai was arrested in late February 2003 and ordered detained pending immigration proceedings. Shortly thereafter she filed a petition for permanent resident status under 8 U.S.C. § 1154(a)(1), one of several provisions within the INA concerned with battered immigrant spouses. Maswai was subsequently released on bond. She divorced Ngoytz in November 2003.

On April 28, 2004, Maswai was indicted for violating 18 U.S.C. § 1546(b)(3) by making a false attestation on an employment eligibility verification form, a form which must be completed by all job applicants. See 8 U.S.C. § 1324A(b). Maswai

was charged for marking on the I-9 form which she submitted to Wells Fargo that she was a citizen or national of the United States. She moved to exclude the government's evidence on the basis that it was inadmissible under 8 U.S.C. § 1367 because the source of the evidence was her abusive husband.

The district court[1] denied the motion after a hearing. It concluded that exclusion of evidence is an extraordinary remedy limited to the protection of constitutional rights and that Maswai had not shown she was entitled to prevail on her motion. Subsequently Maswai entered a conditional Alford plea that preserved her right to appeal the denial of her motion. She was sentenced by the district court[2] to one day, with credit for time served after her arrest. She now appeals, contending that the district court erred in denying her motion. We review the district court's interpretation of the statute de novo. Jessep v. Jacobsen Transp. Co., Inc., 350 F.3d 739, 742 (8th Cir. 2003).

Maswai contends that the government's evidence was discovered as the result of her abusive husband's letter to Senator Grassley and that it is therefore inadmissible under 8 U.S.C. § 1367(a)(1). She acknowledges that the plain language of the statute prohibits officials from using information furnished solely by a battering spouse in making "determination[s] of admissibility or deportability of an alien under the [INA]." 8 U.S.C. § 1367(a)(1)(A). She argues, however, that even though this is a criminal prosecution rather than an immigration proceeding, the government's evidence should be excluded in order to uphold the congressional purpose in enacting § 1367. She says Congress enacted the provision in order to prevent abusive spouses from using the threat of deportation as a means of coercing battered aliens. Because

---

[1] The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

[2] The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa, presiding.

convictions for immigration related offenses can result in deportation, Maswai contends that the government would be able to circumvent the protections of § 1367(a)(1) if it is permitted to prosecute battered aliens with evidence obtained from an abusive spouse. See 8 U.S.C. § 1227(a)(3)(B)(iii) (aliens deportable for violation of 18 U.S.C. § 1546).

The government contends that the language of § 1367(a)(1) is clearly limited to immigration proceedings under Title 8 which encompasses the INA. Prosecutions for use of a false attestation under Title 18 are distinguishable from deportation proceedings it argues, for they require proof of a criminal act beyond an alien's unlawful presence within the United States. The government also contends that Maswai's prosecution was not based solely on information obtained from her abusive spouse, for it obtained evidence from independent sources during its investigation, including the I-9 form submitted to Wells Fargo Bank and the expert testimony confirming her handwriting on the form.

The INA regulates the immigration, naturalization, and exclusion of aliens. Section 1367 is entitled "Penalties for disclosure of information" and was added to the INA in 1996 to limit the use and disclosure of information regarding battered aliens. 8 U.S.C. § 1367. Section 1367(a)(1) states that the Department of Justice[3] may not make an "adverse determination of admissibility or deportability of an alien under the [INA] using information furnished solely by" several categories of batterers. 8 U.S.C. § 1367(a)(1)(A)-(E). An abused immigrant previously convicted

---

[3]Section 1367 was enacted prior to the transfer of immigration enforcement functions from the Department of Justice to the Department of Homeland Security and its Bureau of Immigration and Customs Enforcement (BICE). See Homeland Security Act of 2002, Pub.L. No. 107-296, § 441, 116 Stat. 2135, 2178 (2002). In consolidating existing powers within the new department, Congress transferred to its secretary all related functions. See 6 U.S.C. § 551(d)(2).

of certain crimes may not benefit from the provision, see id. § 1251(a)(2), but Maswai does not have any such convictions.

In this prosecution Maswai is charged with violation of a criminal statute, 18 U.S.C. § 1546(b)(3), based on her false attestation in an employment application, and no issue of her admissibility or deportability is before the court. This case does not call for any government official to make a determination under Title 8 about her immigration status, and there is nothing in the language of 8 U.S.C. § 1367(a)(1) to indicate that it should be applied to bar evidence in a criminal prosecution under 18 U.S.C. § 1546(b)(3). Instead the plain language of § 1367(a)(1)(A) prohibits the use of information from the spouses of battered aliens to make determinations of admissibility or deportability under Title 8. While the legislative intent to restrict the use of information provided by batterers of aliens could have been extended to apply to criminal prosecutions, Congress did not choose to draft the statute in that way.

We find no ambiguity in the language of § 1367(a)(1). Our task in interpreting legislation is to start with the plain meaning of its words, and "[o]nly if the statute is ambiguous do we look to the legislative history to determine Congress's intent." United States v. Smith, 171 F.3d 617, 620 (8th Cir. 1999). Since the language of § 1367(a)(1) is clear and precise, we need not consult any legislative history but we have nonetheless searched and have discovered none. We conclude that § 1367(a)(1) does not authorize exclusion of the government's evidence in this prosecution, but we leave open for another day the question of whether Maswai could benefit from the statute's protections in any subsequent deportation proceeding.

Maswai also raises an argument for exclusion of the government's evidence under another subsection of the statute. Section § 1367(a)(2) bars the Attorney General or other agency personnel from using or disclosing information related to battered aliens who have pending immigration petitions. 8 U.S.C. § 1367(a)(2). Maswai apparently has a pending petition for permanent resident status, and a petition

under 8 U.S.C. § 1154(a)(1)(B)(ii) is one of the types of applications for relief specifically listed as relevant for purposes of § 1367(a)(2). Maswai contends that the information obtained from her abusive husband was disclosed to the United States Attorney in violation of § 1367(a)(2) and as part of an effort to circumvent § 1367(a)(1) by obtaining a conviction that could serve as an independent basis for deportation.

The government responds that criminal prosecutions are a legitimate function of the Department of Justice and that the disclosure and use of the information about Maswai in this case is specifically permitted by the exceptions in § 1367(a)(2). It also contends that exclusion of evidence is an extraordinary remedy not included in § 1367(c), the penalty section of the statute, and that there is no indication that Congress intended to insulate abused immigrants from the consequences of their own criminal conduct.

Maswai has not shown that § 1367(a)(2) was violated in her case. Disclosures to the United States Attorney of information about battered aliens who have pending immigration petitions are permitted under § 1367(a)(2) for "legitimate Department...or agency purposes," such as enforcing 18 U.S.C. § 1546. Furthermore, § 1367(c) provides monetary and disciplinary penalties for willful use or disclosure of information in violation of § 1367, but it does not provide for exclusion of evidence.[4] Since there are statutes that do, see, e.g.,18 U.S.C. §§ 2511(4), 2515 (establishing a monetary penalty for unlawfully intercepting wire, oral, or electronic

_____

[4]Although the government also raised the absence of an exclusion remedy in § 1367(c) in connection with Maswai's claim under § 1367(a)(1), we did not address it earlier because it was unnecessary and because § 1367(a)(1) prohibits the use of information from batterers in the making of adverse determinations of admissibility or deportability, in contrast to the emphasis on disclosure in other sections of the statute and in its title.

communications and providing separately for exclusion of evidence), omission of such a remedy here may have been intentional.

We conclude that the district court did not err in denying Maswai's motion to exclude the government's evidence under 8 U.S.C. § 1367(a), and we affirm the judgment of the district court.

_____