# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 05-1780/3303

_____

| | | |
|---|---|---|
| Missouri Protection & Advocacy Services, | * | |
| | * | |
| | * | |
| Appellee/Cross-Appellant, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Missouri Department of Mental Health; | * | |
| Dorn Schuffman, Director of the | * | |
| Department of Mental Health, | * | |
| | * | |
| Appellants/Cross-Appellees. | * | |
| | * | |

_____

Submitted: February 13, 2006
Filed: May 10, 2006

_____

Before RILEY, MELLOY, and BENTON, Circuit Judges.

_____

RILEY, Circuit Judge.

This appeal asks whether the Protection and Advocacy for Mentally Ill Individuals Act (PAMII), 42 U.S.C. §§ 10801-10851, preempts a Missouri law which protects from disclosure certain medical peer review committee reports, Mo. Rev. Stat. § 537.035.4, and, if so, whether that preemption was not clearly established, thereby immunizing the Missouri state official (in this case, Missouri Department of Mental Health (DMH) Director Dorn Schuffman (Schuffman)) who concluded the

Missouri law was not preempted. Relying on PAMII's plain language and then-Judge, now-Associate Justice, Alito's decision for the Third Circuit in <u>Pennsylvania Protection & Advocacy, Inc. v. Houstoun</u>, 228 F.3d 423, 427-28 (3d Cir. 2000), we affirm the district court[1] and hold (1) PAMII preempts Mo. Rev. Stat. § 537.035.4, and (2) given the legal uncertainty before Schuffman at the time he concluded Mo. Rev. Stat. § 537.035.4 was not preempted, Schuffman is entitled to qualified immunity from Missouri Protection and Advocacy Services's (MOPAS) suit under 42 U.S.C. § 1983.

## I. BACKGROUND

MOPAS sought a Mortality and Morbidity Report from DMH following a patient's death at a Missouri State Hospital. Counsel for DMH and Schuffman refused to produce the report, stating the report was confidential. MOPAS sued DMH and Schuffman, seeking (1) a declaratory judgment that PAMII preempts Missouri law; (2) an injunction to produce the report; and (3) attorney fees under 42 U.S.C. §§ 1983 and 1988, claiming Schuffman violated clearly established law. In separate orders on the parties' cross-motions for summary judgment, the district court held (1) PAMII preempts state law, thus DMH must produce the report; and (2) Schuffman did not violate a clearly established right, thus MOPAS's section 1983 claim was dismissed and MOPAS was not entitled to attorney fees. Both parties appeal.

## II. DISCUSSION

We review de novo a district court's grant of summary judgment, applying the same standard as the district court, and we may affirm on any ground supported by the record. <u>Haas v. Kelly Servs., Inc.</u>, 409 F.3d 1030, 1034 (8th Cir. 2005).

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

## A.    PAMII Preemption

PAMII, enacted in 1986, authorizes certain independent organizations (referred to in PAMII as "eligible systems") such as MOPAS to monitor and protect the rights of the mentally ill.  Eligible systems fulfill this role, in part, by accessing certain records in order to investigate incidents involving mentally ill individuals.  42 U.S.C. § 10805(a)(4)(A) (providing access to "all records of . . . any individual").  There is no dispute the records referenced in section 10805(a)(4)(A) include the medical peer review report at issue here.  See id. § 10806(b)(3)(A) ("'[R]ecords' includes reports prepared by any staff of a facility rendering care and treatment or reports prepared by an agency charged with investigating reports of incidents of abuse, neglect, and injury occurring at such facility that describe incidents of abuse, neglect, and injury occurring at such facility and the steps taken to investigate such incidents."); see also Houstoun, 228 F.3d at 426-27.

Under Missouri law, however, reports prepared by "peer review committees . . . concerning the health care provided any patient are privileged and shall not be subject to discovery, subpoena, or other means of legal compulsion for their release to any person or entity."  Mo. Rev. Stat. § 537.035.4.  Thus, an actual conflict exists between PAMII and Missouri law regarding MOPAS's access to peer review reports.

The issue in this case, therefore, is whether PAMII preempts Missouri's law protecting healthcare facilities from disclosing peer review reports.  PAMII's plain language affords the answer by specifically providing a grace period of up to two years before PAMII preempts such state laws:

> If the laws of a State prohibit an eligible system from obtaining access to the records of individuals with mental illness in accordance with section 10805(a)(4) of this title and this section, section 10805(a)(4) of this title and this section shall not apply to such system before–
> (i) the date such system is no longer subject to such a prohibition; or

(ii) the expiration of the 2-year period beginning on May 23, 1986, whichever occurs first.

42 U.S.C. § 10806(b)(2)(C). By limiting PAMII's application regarding records access in deference to state prohibitions only *before* an express period, section 10806(b)(2)(C) effectively indicates section 10805(a)(4) applies and requires access *after* the grace period has passed.

Despite this plain language, DMH argues Congress did not intend to preempt state laws protecting peer review documents. DMH claims this congressional intent is evidenced by House and Senate committee reports during PAMII's 1991 reauthorization, stating "[i]t is the Committee's intent that the PAMII Act does not preempt State law regarding disclosure of peer review/medical review records relating to the proceedings of such committees." H.R. Rep. No. 102-319, at 6, reprinted in 1991 U.S.C.C.A.N. 777, 782; see also S. Rep. No. 102-114, at 5. (containing virtually identical language). DMH also relies on a Department of Health and Human Services (DHHS) 1998 regulation purporting to implement PAMII's reauthorization, stating that "nothing in this section is intended to preempt State law protecting records produced by medical care evaluation or peer review committees." 42 C.F.R. § 51.41(c)(4).

Because PAMII's language is unambiguous, we see no reason to resort to congressional committee reports as interpretive devices. See United States v. Maswai, 419 F.3d 822, 824 (8th Cir. 2005) ("Only if the statute is ambiguous do we look to the legislative history to determine Congress's intent." (quoting United States v. Smith, 171 F.3d 617, 620 (8th Cir. 1999))), cert. denied, 126 S. Ct. 1418 (2006). Even were we to mine the 1991 reports for meaning, any unearthed nuggets would prove pyritical, for the reports' subject, the 1991 reauthorization bill, was enacted without amending PAMII regarding record access. See Protection and Advocacy for Mentally

Ill Individuals Amendments Act of 1991, Pub. L. No. 102-173, 105 Stat. 1217; <u>see also</u> <u>Houstoun</u>, 228 F.3d at 427-28.

Regarding DHHS's PAMII regulatory implementation, like Judge Alito's unanimous Third Circuit panel, we conclude "[t]he interpretation of PAMII set out in 42 C.F.R. § 51.41(c)(4) does not represent a reasonable interpretation of the statute, and we must therefore reject it." <u>Houstoun</u>, 228 F.3d at 427 (citing <u>Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837, 843-44 (1984)); <u>see also</u> <u>Ctr. for Legal Advocacy v. Hammons</u>, 323 F.3d 1262, 1271 (10th Cir. 2003). Reducing the statute's preemptive force would require a legislative change to the plain language of the statutory text. Such a change cannot "be achieved by means of a regulation." <u>Houstoun</u>, 228 F.3d at 428.

For the reasons stated, we affirm the district court and hold, to the extent Mo. Rev. Stat. § 537.035.4 conflicts with PAMII, PAMII expressly preempts Missouri law. <u>See</u> <u>Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n</u>, 461 U.S. 190, 203 (1983) (declaring "within Constitutional limits Congress may preempt state authority by so stating in express terms").

### B.     Qualified Immunity and Attorney Fees

MOPAS claims Schuffman's decision not to disclose the requested peer review report violated clearly established law, thus DMH and Schuffman are liable under 42 U.S.C. § 1983.[2] A state official like Schuffman is protected by qualified immunity

---

[2]Following MOPAS's complaint seeking declaratory and injunctive relief under PAMII, as well as attorney fees under section 1988 based on its section 1983 claim, the parties filed cross-motions for summary judgment first addressing MOPAS's claims under PAMII. After the district court granted MOPAS's motion, the parties then filed motions on MOPAS's section 1983 claim. The district court held MOPAS's motion regarding section 1983 was moot to the extent it sought injunctive relief, but was not moot to the extent it sought attorney fees. DMH now claims

from a section 1983 claim "unless [his] alleged conduct violated clearly established federal constitutional or statutory rights of which a reasonable person in [his] position[] would have known." See Wright v. Rolette County, 417 F.3d 879, 884 (8th Cir. 2005) (citation omitted), cert. denied, Sims v. Wright,126 S. Ct. 1338 (2006).

We previously concluded Schuffman violated MOPAS's statutory right of access to medical peer review reports under PAMII. We must therefore determine whether that right was clearly established. Id. (citation omitted). For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). That is to say, "in the light of pre-existing law the unlawfulness must be apparent" to the official. Id. (citation omitted).

At the time of Schuffman's decision, two appellate courts had analyzed PAMII preemption with disparate results. The Third Circuit found PAMII preempted a conflicting state law, see Houstoun, 228 F.3d at 428, while the New Hampshire Supreme Court, relying on the legislative history and the DHHS regulation described supra, found the opposite, see Disabilities Rights Ctr., Inc. v. Comm'r, N.H. Dep't of Corr., 732 A.2d 1021, 1023-24 (N.H. 1999).[3]

---

MOPAS's second motion was moot and barred by res judicata and collateral estoppel principles. We disagree. While it is unclear why MOPAS did not brief the attorney fees issue in its original motion for summary judgment, it was not error or an abuse of discretion for the district court to address the distinct claims, both of which were included in MOPAS's complaint, in separate summary judgment orders. See Griffin v. Super Valu, 218 F.3d 869, 870 (8th Cir. 2000) ("Absent an abuse of discretion, we will not interfere with the district court's management of its docket." (citation omitted)).

[3]Following Schuffman's decision, the Tenth Circuit also ruled on this issue, holding, like the Third Circuit, PAMII preempted a conflicting state law. See

Standing before these divergent decisions, Schuffman followed the New Hampshire Supreme Court rather than the Third Circuit.[4] Given the fact no Supreme Court, Missouri, or Eighth Circuit case had yet decided the issue, we cannot say Schuffman's decision was unreasonable under the circumstances. See McMorrow v. Little, 109 F.3d 432, 435 (8th Cir. 1997) ("Because there is no applicable North Dakota precedent and a split in the decisions by other courts, we cannot conclude that the law was well established and we hold that the constitutional right that McMorrow claims the officials violated was not clearly established."). We recognize when one faces an unsettled legal issue, determining a governing legal standard can be quite hairy; it mires one in conflicting cases, each presented by reasonable jurists interpreting the applicable rule of law. In sum, we hold MOPAS's PAMII-based statutory right to the requested peer review report was not clearly established such that a reasonable person in Schuffman's position at the time would have known following Mo. Rev. Stat. § 537.035.4 and not disclosing the report violated 42 U.S.C. § 10805(a)(4)(A).

## III.  CONCLUSION

For the reasons stated, we conclude PAMII preempts Mo. Rev. Stat. § 537.035.4, and PAMII's preemptive force was not so clearly established that Schuffman's determination to the contrary was unreasonable. Accordingly, we affirm the district court's summary judgment orders.

_____

_____

Hammons, 323 F.3d at 1273.

[4]The record does not actually reflect how Schuffman made his decision or what law he relied on when deciding to withhold the records.