FILED

NOT FOR PUBLICATION

NOV 25 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARVEY OTTOVICH, as Trustee for The Harvey G. Ottovich Revocable Living Trust dated May 12, 2006; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CHASE HOME FINANCE, LLC; et al., <br><br> Defendants - Appellees. | No. 13-17020 <br><br> D.C. No. 3:10-cv-02842-WHA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted November 20, 2015[**]
San Francisco, California

Before: M. SMITH and N.R. SMITH, Circuit Judges, and SCHEINDLIN,[***] Senior
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Shira Ann Scheindlin, Senior District Judge for the
U.S. District Court for the Southern District of New York, sitting by designation.

Plaintiffs appeal the denial of a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Such denials are reviewed for an abuse of discretion. *Cal. Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1031 (9th Cir. 2008). Because the district court in this case applied the correct rule of law and rested its decision on amply supported findings of fact, we affirm.

**1.** Plaintiffs first contend that the district court erroneously failed to reach their argument under Rule 60(b)(6) that their previous attorney was grossly negligent. "To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)). We have held that "an attorney's gross negligence resulting in dismissal with prejudice for failure to prosecute constitutes an 'extraordinary circumstance' under Rule 60(b)(6)." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010).

The district court addressed this argument, and found that Plaintiffs were far from "faultless." *See Pioneer*, 507 U.S. at 393; *cf. Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002) (applying Rule 60(b)(6) to relieve an "*innocent party*" from default judgment (emphasis added)). Plaintiffs failed to attend five conferences and hearings at which their attendance was required. At least three of

those failures cannot be attributed to their attorney's negligence. For example, even though their attorney informed them of a settlement conference on August 26, 2011, they failed to attend.[1] Plaintiffs were therefore not without fault and the district court did not abuse its discretion in denying their motion under Rule 60(b)(6).

**2.** Plaintiffs also moved for relief under Rule 60(b)(1), which permits relief when a party is partly at fault if its neglect is "excusable." *Pioneer*, 507 U.S. at 393. Whether a party's neglect is excusable depends on "a four-factor equitable test." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). The district court correctly considered this test and determined: (1) that Defendants were prejudiced by Plaintiffs' repeated failure to appear at settlement conferences and by the delay in the prosecution of the case; (2) that the delay, including the nine months between the entry of judgment and the Rule 60 motion, was long

---

[1]Plaintiffs argue that some of their failures to attend were due to Harvey Ottovich's ill health. The district court acknowledged that ill health might constitute an "extraordinary circumstance," but found that Plaintiffs' evidence was insufficient to show that ill health prevented them from complying with court orders. For example, Harvey Ottovich's "Patient Health Journal" mentions "Depressive Disorder" on August 26, 2011, with no further explanation. With such a barebones showing, the district court's factual finding in this regard was not clearly erroneous. Moreover, were we to review the factual record independently, we might also be skeptical that Plaintiffs' health problems repeatedly coincided with the dates of missed conferences and hearings.

enough to be significant; (3) that because at least three of Plaintiffs' failures to appear were not the fault of their attorney, Plaintiffs had no good reason for the delay; and (4) that Plaintiffs' and their attorney's sworn declarations could not be reconciled with the record, indicating Plaintiffs' bad faith.

The district court applied the correct rule of law and its factual determinations in this regard are well supported by the record. It therefore did not abuse its discretion in denying Plaintiffs' motion under Rule 60(b)(1).

Plaintiffs' attorney may have been negligent, even grossly so. But Plaintiffs' own repeated failure to obey reasonable court orders was sufficient to warrant the dismissal of their case and to deny their motion for relief. The district court's decision is therefore

**AFFIRMED.**